## In re Escheat of Moneys in Custody of United States Treasury.

Argued May 18, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Grover C. Ladner,* with him *A. Jere Creskoff,* for appellant.

*J. Cullen Ganey,* Assistant United States Attorney, for appellee.

*John Hampton Barnes,* for Pennsylvania Railroad Company, under Rule 61.

OPINION BY MR. JUSTICE LINN, June 26, 1936:

The Commonwealth, by Klein, its escheator, filed this petition averring that in certain equity proceedings in the District Court of the United States for the Eastern District of Pennsylvania,[1] certain sums were found to be

---

[1] At April Sessions, 1911, No. 677, *Alice Frances Brown et al. v. Pennsylvania Canal Company and others.* See also *Rea v. Pennsylvania Canal Company,* 245 Pa. 589, 91 A. 1053.

due and payable to described bondholders; that some creditors, so found to be entitled, had not claimed payment, whereupon the court directed that such unclaimed funds be paid into its registry; that after the lapse of five years[2] the unclaimed moneys were deposited to the credit of the Treasury of the United States. The petition averred that "such deposit [was] made by a bookkeeping entry in the Federal Reserve Bank in the City of Philadelphia, transferring the said moneys from the account of the Registry of the United States District Court for the Eastern District of Pennsylvania to the account of the Treasury of the United States." The petition also set forth that the Act of Congress[3] provided "Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders."

The Commonwealth averred that the unclaimed money escheated to it; that in April 17, 1934, a petition on its behalf was filed in the district court[4] for an order directing payment, as an escheat, to the Commonwealth; and that on September 6, 1934, an opinion was filed by DICK-INSON, J., dismissing the petition for want of jurisdiction and without prejudice.

Petitioner averred that a decree of escheat was necessary to qualify its escheator under the decision of the district court and the Act of Congress to present, in that

---

[2] In accordance with the Act of May 29, 1920, clause 214, section 1, 41 Stat. 654, 28 USCA section 851.

[3] Act of March 3, 1911, clause 224, 36 Stat. 1083, 28 USCA section 852.

[4] To March Term, 1934, No. 8123.

court, the claim of the Commonwealth as the person entitled to the escheat.

. Notice of the petition was given to the United States Attorney for the Eastern District of Pennsylvania; he appeared specially and moved to dismiss for want of jurisdiction, assigning the following reasons: "(a) The Common Pleas Court of Philadelphia for the State of Pennsylvania has no jurisdiction to entertain the petition above mentioned in that this court cannot exercise jurisdiction as the state statutes are void in so far as they attempt to escheat moneys in the custody of the United States or in the custody of its court.

"(b) The funds sought to be escheated are in the Treasury of the United States as is alleged in the petition and therefore are not within the jurisdiction of the courts of Pennsylvania.

"(c) The state law confers no jurisdiction upon any state court for the escheat of funds in the Treasury of the United States." The petition was dismissed and the Commonwealth has appealed.

The Act of May 2, 1889, P. L. 66, and amendments and supplements provide for escheat proceedings. In this case, the Commonwealth depends on the following amendment of June 28, 1935, P. L. 475: "Whenever an escheat has occurred, or shall occur, of any money or property deposited in the custody of, or under the control of, any court of the United States in and for any district within this Commonwealth, or in the custody of any depository, clerk or other officer of such court, the court of common pleas of the county in which such court of the United States sits, shall have jurisdiction to ascertain if an escheat has occurred, and to enter a judgment or decree of escheat in favor of the Commonwealth."

We all agree that the learned court erred in dismissing the petition for want of jurisdiction. The power to declare an escheat is in the Commonwealth. It is a power that was not delegated to the federal government, though its exercise by a state may be restricted in the fields

where the power of Congress is exclusive: cf. *First Nat. Bank v. State of California*, 262 U. S. 366. "The regulation of the title and devolution of property within its limits is within the control and jurisdiction of the State": *Cunnius v. Reading Sch. Dist.*, 206 Pa. 469, 56 A. 16. The property under discussion is a debt payable by a debtor who deposited the money for distribution pursuant to a decree in an equity proceeding pending in the district court. The money is still held under its control, pursuant to the Act of Congress, for the purpose for which it was paid. "That the debt due the absentee by the School District, resulting from the establishment of her dower, was within the jurisdiction of the state authority, is clear": *Cunnius v. Reading Sch. Dist.*, 198 U. S. 458, 467. As the Commonwealth merely asks for a declaration of escheat and does not desire an order of payment directed to any federal agency there would seem to be no objection to considering the proceedings as in personam: cf. *Security Bank v. California*, 263 U. S. 282, 287.

The United States Attorney does not claim that the property has escheated to the federal government or that the federal government can escheat it. His contention is that the State has no power "to escheat moneys presently in the Treasury of the United States." It is well settled that the State has power to take possession of unclaimed property as an escheat: *Security Savings Bank v. California*, 263 U. S. 282, supra; *Com. v. Dollar Savings Bank*, 259 Pa. 138, 102 A. 569; *Germantown Trust Co. v. Powell*, 265 Pa. 71, 108 A. 441. It may be conceded that the State cannot take possession of property in the custody of the federal government, but that fact need not prevent the judicial determination by the State of the succession to unclaimed property within its borders. The argument made for the Commonwealth concedes that the state court can make no order on the federal treasury or on any other representative of the federal government, requiring the delivery of the prop-

erty to the escheator, but the contention is that as the district court, in the proceeding brought by the escheator and referred to above, held that the court lacked power to declare an escheat[5] and dismissed his petition without prejudice, this proceeding in the state court was necessarily instituted to determine the fact of escheat, and, the fact being found, to enable the Commonwealth then to present its claim to the district court in control of the fund pursuant to the Act of Congress.  In the circumstances, therefore, we think the court should have proceeded with the case and should have made such determination as the evidence may require, and if an escheat were found, to have restricted the enforcement of its order to the proper presentation of the Commonwealth's claim in the district court to enable that court to determine whether payment should be made to the Commonwealth.  Such an order would seem to be within the following language of the Chief Justice in *United States v. Bank of New York and Trust Co.*, 296 U. S. 463: "This principle is applied in the discharge of the long-recognized duty of this court to give effect to such 'methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so

---

[5] The learned district judge said: "The act of congress which makes these moneys subject to the award of this court does so only in favor of 'any person or persons, corporation or company' who can lay successful claim of ownership thereto.  Assuming arguendo the state to be within this act it is able as yet to show no title to these moneys.  Under the facts it may or may not be able to secure a judgment of escheat but it has not done so.  Counsel for petitioner recognize this and hence ask this court to enter such a judgment.  Have we the jurisdictional power to so do? . . . The real position of the petitioner is that the state statutes have conferred jurisdiction upon no state court to enter judgment to escheat these moneys but they have conferred it upon this court.  This they cannot do, and we in consequence have no such power. . . . The state has no title and no title by escheat can be acquired otherwise than by a compliance with these statutes.  When the petitioner is able to show title to these moneys it will then be our duty to pass judgment upon the title set up."

that they may coöperate as harmonious members of a judicial system coextensive with the United States': *Taylor v. Carryl,* 20 How. 583, 595." See, too, *Territory of Alaska v. First Nat. Bank,* 22 F. (2d) 377; *same v. same,* 41 F. (2d) 186.

The order appealed from is reversed and the record is remitted for further proceedings.