## UNITED STATES v. KLEIN, Escheator of Commonwealth of Pennsylvania.
### No. 7066.

Circuit Court of Appeals, Third Circuit.
Aug. 7, 1939.

Writ of Certiorari Denied Dec. 11, 1939.

See 60 S.Ct. 295, 84 L.Ed. ——.

J. Cullen Gancy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa. (Sam E. Whitaker, Asst. Atty. Gen., W. S. Ward and Tom De Wolfe, Sp. Assts. to Atty. Gen., and Maurice W. Hibschman, of Washington, D. C., of counsel), for the United States.

Albert H. Ladner, Jr., and A. Jere Creskoff, both of Philadelphia, Pa., (Michael Edelman, of Philadelphia, Pa., of counsel) for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The facts are not in dispute.

On May 2, 1911, Alice Frances Brown and other plaintiffs filed a bill in equity in the United States District Court for the Eastern District of Pennsylvania setting forth that she was the owner of certain bonds issued by the Pennsylvania Canal Company, a subsidiary of the Pennsylvania Railroad Company; that she filed the said petition on behalf of herself and other bondholders and that certain moneys and assets subject to a lien for the repayment of the principal of the bonds had been improperly diverted at the direction of the Pennsylvania Railroad Company. She pray-

ed for an order for payment of the principal of the bonds.

On April 6, 1916, the court below entered a decree in favor of the bondholders and directed payment to them of the amount diverted in proportion to their respective holdings of bonds. In compliance with the terms of said decree, as modified by certain later decrees, the Pennsylvania Railroad Company on January 24, 1917, paid to a trustee designated by the court, the sum of $1,923,408.16 covering the entire amount due the bondholders from the Pennsylvania Railroad Company. Most, but not all, of the bondholders filed their claims in the said proceedings. On March 14, 1919, the unclaimed moneys were paid into the registry of the court. Thereafter from time to time holders of bonds filed their respective petitions with the court setting forth their ownership of the bonds which had not been previously presented for payment and the court ordered payment of the amounts due such bondholders. The sums specified were paid in each instance.

On December 28, 1920, Alice Frances Brown and other bondholders filed a petition in the court below setting forth that the owners of thirty-two of the bonds had failed to prove their claims and prayed that the moneys held in the registry for the payment of these thirty-two bonds be divided pro rata among the bondholders whose claims had been approved. The court below entered a decree on August 17, 1921, denying the prayer of said petition and holding that the moneys in the registry were the moneys of the missing bondholders. On appeal this court affirmed the decree of the court below. Brown v. Pennsylvania Canal Co., 3 Cir., 279 F. 417.

On June 26, 1926, the balance of the fund then remaining unclaimed was transferred from the registry of the court into the Treasury of the United States through the Federal Reserve Bank of Philadelphia pursuant to the provisions of section 996, Revised Statutes, 36 Stat. 1083, 28 U.S. C.A. § 852. On February 7, 1934, the appellee was appointed escheator of the Commonwealth of Pennsylvania. On April 17, 1934, the appellee filed a petition in the court below praying for a finding of escheat to the Commonwealth of Pennsylvania of the moneys unclaimed herein and praying for an order directing the payment of the said moneys to the Commonwealth. On October 17, 1934, the court below entered an order denying the prayer of the Commonwealth's petition without prejudice. Klein v. Brodbeck, D.C., 15 F.Supp. 473.

The Commonwealth of Pennsylvania thereupon filed a petition with the Court of Common Pleas No. 5 of Philadelphia County, Pennsylvania, praying for a decree of escheat of said moneys. Prior thereto and in conformity with the provisions of 27 P.S.Pa. § 282, the appellee gave notice by publication in two newspapers of general circulation and in the legal newspaper of Philadelphia County. The petition and amended petition were dismissed. Upon appeal to the Supreme Court of Pennsylvania the decree was reversed. In re Escheat of Moneys in Custody of United States Treasury, 322 Pa. 481, 186 A. 600.

On October 1, 1936, the Court of Common Pleas of Philadelphia County entered its decree of escheat in obedience to the mandate of the Supreme Court of Pennsylvania, which decree was affirmed, In re Escheat of Moneys in Custody of United States Treasury, 326 Pa. 260, 192 A. 256. On February 28, 1938, the decree was affirmed by the Supreme Court of the United States. United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840.

During the interim and on July 31, 1936, the Pennsylvania Railroad Company had filed its claim in the court below seeking payment to it of the proceeds of the funds held in the registry of said court for the benefit of the missing bondholders. The District Court held that the Pennsylvania Railroad Company was not entitled thereto; that said company had discharged its obligation and debt when it paid the money into the court originally; and that the United States held the said money in trust for the missing bondholders. This court affirmed. Pennsylvania R. Co. v. United States, 3 Cir., 98 F.2d 893.

On March 18, 1938, the appellee filed an amended petition in the court below praying for an order directing the payment to the appellee of these moneys as to which the escheat had been declared by the state court and on December 9, 1938, after hearing, the court granted the prayer of the petition and directed payment to the appellee of the unclaimed moneys amounting to $16,874.49. The present appeal followed.

■ United States v. Klein, supra, settled that Pennsylvania under its act, 27

P.S.Pa. §§ 41, 45, 282, 334, may constitutionally escheat unclaimed money deposited in the registry of a United States district court in Pennsylvania and later covered into the United States Treasury under section 996, Revised Statutes. There remains for decision on this appeal the question of the validity of the state's title under the escheat proceeding which was had in the state court. The Government urges that the escheat did not give a good title to the state for the reasons that the fund was not within the jurisdiction of the state court, and that the bondholders could not be located within the territorial limits of the state.

■ An escheat proceeding is undoubtedly a proceeding in rem. Hamilton v. Brown, 161 U.S. 256, 16 S.Ct. 585, 40 L. Ed. 691; Christianson v. King County, 239 U.S. 356, 36 S.Ct. 114, 60 L.Ed. 327. In order to give jurisdiction to the state courts the res must have its situs within the territorial limits of the state. However, the res need not be actually seized by the state court or in its possession. United States v. Klein, supra. The fund here in question was paid over by a Pennsylvania debtor (The Pennsylvania Railroad Company) into the registry of the federal district court for the Eastern District of Pennsylvania. On June 26, 1926, it was covered into the federal treasury subject to disposition by the district court. After July 1, 1935, see 31 U.S.C. § 725p, 31 U.S.CA. § 725p, it was no longer kept as a permanent appropriation to meet the orders of the district court against it, but was merged in the treasury into a general trust fund receipt account, against which Congress makes annual appropriations as called for. Under section 996, Revised Statutes, the United States became a statutory trustee of the fund for the rightful owners when determined by the district court. After July 1, 1935, it may well be argued that its character changed from trustee to debtor. In either event the transfer of the fund into the United States Treasury did not change its previous Pennsylvania situs since the United States makes no claim to it and its disposition remains with the district court in Pennsylvania. Orinoco Iron Co. v. Metzel, 6 Cir., 230 F. 40. We, therefore, conclude that the state court which decreed the escheat had jurisdiction over the fund.

■ It follows that service by publication upon the unknown owners, obviously the only possible method of service in an escheat proceeding, was sufficient and did not deny them due process. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Security Savings Bank v. California, 263 U.S. 282, 44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391. Obviously an escheat proceeding may not be defeated merely because the unknown owners cannot be located.

We conclude that the escheat proceeding in the state court passed a good title to the state and that the district court rightly awarded the fund to the escheator, appellee herein.

The judgment is affirmed.