Escheat of Moneys Deposited in United States District Court.
United States of America Appeal.

134

.Submitted December 4, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Peyton Ford*, Assistant Attorney General, *Gerald A. Gleeson*, United States Attorney, *Thomas J. Curtin*, Assistant United States Attorney, *Edward H. Hickey*, Special Assistant to Attorney General, *Leavenworth Colby* and *Hubert H. Margolies*, for appellant.

*A. Jere Creskoff*, *Albert H. Ladner, Jr.* and *Michael Edelman*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 5, 1948:
Philip Klein, escheator, on January 28, 1946, filed a petition on behalf of the Commonwealth praying for

the escheat of certain moneys arising from unclaimed wages and effects of deceased seamen paid to the United States District Court for the Eastern District of Pennsylvania and subsequently deposited in the Treasury of the United States pursuant to Act of 1897, c. 389, 29 Stat. 689, as amended, 46 U.S.C. Section 628.[1] The matter was heard upon petition, answer thereto by the Federal Government and a stipulation of facts. The court below, relying upon *In Re Escheat of Moneys in Custody of United States Treasury,* 322 Pa. 481, 186 A. 600, and *United States v. Klein,* 303 U.S. 276, 58 Sup. Ct. 536, granted the prayer of the petition and entered a decree of escheat. After reargument, the decree was affirmed. This appeal followed.

The United States of America, appellant, contends that the decree of the court below was inconsistent with and repugnant to the Act of Congress, supra, directing courts of the United States to pay any moneys arising from unclaimed wages and effects of deceased seamen, not necessary for the purpose of satisfying claims, into the Treasury of the United States where such moneys should form a fund for and be appropriated to relief of sick and disabled and destitute seamen belonging to the United States Merchant Marine Service. Escheator relies upon *In Re Escheat of Moneys in Custody of United States Treasury,* supra, which upheld the constitutionality of the Act of 1889, P. L. 66, section 5, as amended by

---

[1] "When no claim to the wages or effects or proceeds of the sale of the effects of a deceased seaman or apprentice, received by a district court, is substantiated within six years after the receipt thereof by the court, it shall be in the absolute discretion of the court, if any subsequent claim is made, either to allow or refuse the same. Such courts shall, from time to time, pay any moneys arising from the unclaimed wages and effects of deceased seamen, which in their opinion it is not necessary to retain for the purpose of satisfying claims, into the Treasury of the United States, and such moneys shall form a fund for, and be appropriated to, the relief of sick and disabled and destitute seamen belonging to the United States merchant marine service."

the Act of 1935, P. L. 475, section 2, 27 PS section 41.[2]

Conceding the power of the Commonwealth to determine escheat of property within its jurisdiction *(In Re Escheat of Moneys in Custody of United States Treasury,* supra), that power does not extend to subject-matter over which, as here, Congress has exercised its power and directed a result, not only inconsistent, but also incompatible with escheat by the Commonwealth.[3] The court below was in error in failing to distinguish between a situation where the moneys remained in a district court of the United States as a result of litigation between private interests and where, as here, that custody resulted from positive congressional legislation regarding subject-matter exclusively within its power.

The entire subject of maritime law, substantive and procedural, is subject to federal control. Power to determine that law has been delegated to Congress: See *Detroit Trust Company v. Thomas Barlum,* 293 U. S. 21, 55 Sup. Ct. 31; *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 Sup. Ct. 524; *In Re Garnett,* 141 U.S. 1, 11 Sup. Ct. 840. The purpose was to insure a body of maritime law which should be uniform throughout the United States (*Knickerbocker Ice Co. v. Stewart,* 253 U.S. 149, 40 Sup. Ct. 438).

In *Southern Pacific Co. v. Jensen,* supra, page 215, it was said: " 'The general system of maritime law which was familiar to the lawyers and statesmen of the coun-

---

[2] "Whenever an escheat has occurred, or shall occur, of any money or property deposited in the custody of, or under the control of, any court of the United States in and for any district within this Commonwealth, . . . the court of common pleas of the county in which such court of the United States sits, shall have jurisdiction to ascertain if an escheat has occurred, and to enter a judgment or decree of escheat in favor of the Commonwealth."

[3] This power is based upon Article III, section 2 of the Constitution of the United States: "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction" . . . and to article I, Section 8: "To make all Laws which shall be necessary and proper for carrying into Execution . . . all other Powers vested by this Constitution in the Government of the United States . . ."

try when the Constitution was adopted was most certainly intended and referred to when it was declared in that instrument that the judicial power of the United States shall extend 'to all cases of admiralty and maritime jurisdiction' . . . One thing, however, is unquestionable; the Constitution must have referred to a system of law coextensive with, and operating uniformly in, the whole country. It certainly could not have been intended to place the rules and limits of maritime law under the disposal and regulation of the several States, as that would have defeated the uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states.' " Congress, in the exercise of its power over admiralty and maritime law, has directed that "in cases of wages or effects of deceased seamen or apprentices received by the circuit courts (now district courts), to which no claim is substantiated within six years after the receipt thereof . . . each of the respective courts shall, from time to time, pay any moneys arising from the unclaimed wages and effects of deceased seamen . . . into the treasury of the United States, which moneys shall form a fund for, and be appropriated to, the relief of sick and disabled and destitute seamen belonging to the United States merchant marine service." The supremacy of the exercise of Congressional power regarding a given subject-matter effectively negatives the reserved power of the Commonwealth with regard thereto. The Act of 1889, P. L. 66, Section 5, as amended, supra, must be held inapplicable. To hold otherwise would effect an unconstitutional interference with congressional power.

In Re Escheat of Moneys in Custody of the United States Treasury, supra, and United States v. Klein, supra, relied upon by the Commonwealth and the court below are not controlling. The United States Supreme Court there said, page 281: "In this case jurisdiction was acquired by the district court, by reason of diversity

of citizenship, to adjudicate the rights of the parties. That function performed, it now retains jurisdiction for the sole purpose of making disposition of the fund under its control, by ordering payment of it to the persons entitled as directed by the federal statute. Beyond whatever is needful and appropriate to the accomplishment of that end, the jurisdiction and possession of the federal district court does not operate to curtail the power which the state may constitutionally exercise over persons and property within its territory." In the instant case, the federal statute directs that the moneys be paid to the United States Treasury and there retained in a fund. In the former case, the federal district court retained power to award the moneys to the person properly claiming the same. Here, the statute does not permit such award.

The decree of the court below is reversed and the petition dismissed. Costs to be paid by appellee.