**In re ESCHEAT OF MONIES DEPOSITED IN UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA.**

**No. 10267.**

United States Court of Appeals
Third Circuit.

Argued Oct. 19, 1950.

Decided Jan. 30, 1951.

---

4. But cf. Tucker v. Loew's Theatre & Realty Corp., 2 Cir., 149 F.2d 677, 680.

Marvin E. Frankel, Dept. of Justice, Washington, D. C. (H. G. Morison, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., Paul A. Sweeney, Hubert H. Margolies, Washington, D. C., Attys., Dept. of Justice, on the brief), for appellant.

A. Jere Creskoff, Philadelphia, Pa. (Michael Edelman, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The appeal at bar presents an interesting question as to the jurisdiction or power of the United States District Court in forfeiture[1] in contrast to that of a State trial court in escheat. On October 10, 1949 the United States filed a petition in the court below for forfeiture of bribe money in the custody of the Treasurer of the United States. The petition alleges that six individuals offered bribes to officials of the United States. The petition does not set up the dates[2] of the crimes but goes on to allege that the six persons were indicted and either entered pleas of *nolo contendere* or were convicted of the charge. See Section 91, 18 U.S.C.A. (1940), now Section 201, 18 U.S.C.A. It is not stated categorically in the petition nor does it appear from the record before us whether or not officials took the bribes offered. We think an inference is proper that the officials referred to were actually bribed because the petition alleges that the money was "used" to "corrupt" agents of the United States.[3] It is also alleged that after the conclusion of the criminal proceedings the money was paid into the registry of the court below in accordance with the provisions of Section 3612, Title 18 United States Code Annotated, and now has been deposited in the Treasury of the United States "to the credit of the United States".[4]

---

1. The term "Escheat" used in the title of this case is inappropriate. Forfeiture rather than escheat is sought. Escheat signifies the chance or accident whereby property may revert to its original donor. See "Escheat", 19 Am.Jur., p. 380, 30 C.J.S., Escheat, § 16, p. 1180, and Bouvier's Law Dictionary, Rawle's Third Revision. Forfeiture is "A punishment annexed by law to some illegal act * * *." See, for example, Rev.Stat. § 5283, 18 U.S.C.A. § 962, providing for the forfeiture of vessels under certain conditions; Bouvier's Law Dictionary, Rawle's Third Revision, "Forfeiture"; and United States v. The Antoinetta, 3 Cir., 153 F.2d 138. Ballentine's Law Dictionary defines forfeiture as follows: "A fine; a penalty; the divestiture of property without compensation, in consequence of an offense. The effect of such a forfeiture is to transfer the title to the specific thing from the owner to the sovereign power."

2. The answer of the Commonwealth makes reference to the criminal proceedings in the United States District Court for the Eastern District of Pennsylvania, being the "Bribe cases" referred to in schedule A of the petition of the United States. The Commonwealth's answer stated that these proceedings and the disposition thereof are matters of record and are "incorporated by reference" in the answer. The court below may, of course, take judicial notice of the prior proceedings on remand. We may not add this data, even if it be pertinent, to the instant record.

3. Whether or not the officials were actually bribed may be a point of importance on remand in view of the ruling in Clark v. United States, 102 U.S. 322, 331–332, 26 L.Ed. 181.

4. It is quite possible that the money was paid into the registry of the court pursuant to Section 570 of 18 U.S.C. (1940). The provisions of the old and new sections are the same in substance.

Section 3612, 18 U.S.C.A. provides, "Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court, to be subject, however, to

It appears from an answer filed to the petition of the United States by O'Donnell, the Escheator of the Commonwealth of Pennsylvania, that theretofore, viz., on May 26, 1949, O'Donnell had filed a petition in the Court of Common Pleas of Philadelphia County praying for a decree of escheat to the Commonwealth of Pennsylvania of the moneys referred to. This petition was based on the provisions of 27 P.S.Pa. §§ 41 and 334, set out in the footnote.[5] The United States District Attorney filed an answer to this petition.[6]

The answer filed by the Escheator of the Commonwealth to the petition filed in the court below alleges in substance that the Court of Common Pleas of Philadelphia County has the power to determine the controversy and should do so. The case was continued by the Court of Common Pleas pending the disposition of the instant suit. The court below, basing its decision largely on United States v. Klein, 1938, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840, dismissed the petition of the United States without prejudice. The learned District Judge held in substance that the Court of Common Pleas of Philadelphia County had concurrent jurisdiction with it to resolve the questions involved and since suit was first entertained by the Court of Common Pleas, as a matter of comity that tribunal should adjudicate the issues presented.[7] Cf. Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, and Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457.

We disagree. We think the court below has misapprehended the rationale of United States v. Klein. In that case a suit based on diversity of citizenship and jurisdictional amount had been brought by secured bondholders in the United States

the provisions of section 2042 of Title 28."

Section 2042 provides as follows. "No money deposited shall be withdrawn except by order of court.

"In every case in which the right to withdraw money deposited in court has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

Section 2042 was cited and relied on originally by the United States in its petition, paragraph 2. Thereafter, by stipulation, the paragraph was stricken from the petition, apparently on the theory that no reliance was to be placed upon it. But at the oral argument and on both the original and supplemental briefs of the appellant, much emphasis is laid upon the section. The oddity of the appellant's position is perhaps increased by the fact that Section 3612, 18 U.S.C.A., the Bribe moneys section, while providing that the moneys shall be deposited in the registry of the court to be disposed of in accordance with the court's order, goes on to state that they shall "be subject" to the provisions of Section 2042, as we have indicated. It is of course not necessary to plead a statute of the United States and as will be seen in the opinion, we attach some importance to the provisions of Section 2042.

5. Section 41 provides: "Whenever an escheat has occurred, or shall occur, of any money or property deposited in the custody of, or under the control of, any court of the United States in and for any district within this Commonwealth, or in the custody of any depository, clerk or other officer of such court, the court of common pleas of the county in which such court of the United States sits, shall have jurisdiction to ascertain if an escheat has occurred, and to enter a judgment or decree of escheat in favor of the Commonwealth."

Section 334 provides: "That whensoever any money, estate or effects, shall have been, or shall hereafter be paid into, or deposited in the custody or be under the control of any court of this Commonwealth, or of any court of the United States in and for any district within this Commonwealth, or shall be in the custody of any depository, registry, or of any receiver, clerk or other officer of any of said courts, and the rightful owner or owners thereof shall have been or shall be unknown for the space of seven years, the same shall escheat to the Commonwealth, subject to all legal demands on the same."

6. Neither petition nor answer are part of the record.

7. No opinion reported for publication.

District Court to compel payment of bonds by a defendant on the ground that it had appropriated the security. A decree was entered in favor of the plaintiffs and other bondholders in like position with a provision for notice to the latter that they should file their claims in the proceeding. Some bondholders did not file claims and could not be found. The defendant was directed by the court to pay into its registry the money due to such bondholders. The fund was placed in a designated depository of the United States in the name and to the credit of the court pursuant to Rev.Stat. § 995, 28 U.S.C. 851 (1940) [1948 Revised Judicial Code, 28 U.S.C.A. § 2041]. Thereafter, the fund was deposited in the Treasury of the United States as required by Rev.Stat. § 996, 28 U.S.C. 852 (1940) [1948 Revised Judicial Code, 28 U.S.C.A. § 2042], since it had laid unclaimed in the registry for five years.

The Pennsylvania Escheator then petitioned the United States District Court to declare an escheat of the fund. The court dismissed the petition without prejudice on the ground that the Escheator had not procured a declaration of escheat necessary to perfect the title of the Commonwealth of Pennsylvania and that the district court was without jurisdiction to make such a declaration. Thereafter the escheat statutes of Pennsylvania were amended [8] to the form set out in note 5, *supra*, to confer upon the Court of Common Pleas jurisdiction to declare an escheat of moneys deposited in the custody or the control of any court of the United States within Pennsylvania. Suit was then brought by the Escheator in the Court of Common Pleas, praying a declaration that the fund had escheated to the Commonwealth. The United States appeared in the suit and moved to dismiss the petition on the ground that the State Court was without jurisdiction to escheat money in the custody of the United States or of its courts. The Court of Common Pleas granted this motion and was reversed by the Supreme

Court of Pennsylvania, 322 Pa. 481, 186 A. 600. The United States then filed an answer and the case went to trial. The Court of Common Pleas entered a decree of escheat and directed the Escheator to apply to the United States District Court for an order that the moneys be paid to him as Escheator. The Supreme Court of Pennsylvania affirmed. 326 Pa. 260, 192 A. 256. The United States appealed to the Supreme Court of the United States, which affirmed the judgment of the Supreme Court of Pennsylvania. See 303 U.S. at pages 277–281, 58 S.Ct. 536, 82 L.Ed. 840.

Pointing out that jurisdiction was acquired by the District Court by reason of diversity of citizenship,[9] that the United States District Court retained jurisdiction of the fund for the sole purpose of making disposition of it by ordering payment to the persons entitled thereto, that the decree for escheat entered by the Court of Common Pleas was not founded on possession and did not disturb the Treasury's possession of the fund or the District Court's authority over it, and that the United States had not set up and had not asserted any claim or interest in the fund apart from the possession acquired under its decree and the statutes of the United States, the Supreme Court concluded that the decree of the State Court was not an unconstitutional interference with the United States District Court nor an invasion of the sovereignty of the United States. See 303 U.S. at pp. 280–282, 58 S.Ct. 536, 82 L.Ed. 840.[10]

We have outlined what we deem to be the holding of the Supreme Court in the Klein case in such detail so that its facts may be distinguished clearly from those at bar. In the instant case the United States asserts that by virtue of Section 570, Title 18 U.S.C. (1940), and Clark v. United States, 102 U.S. 322, 26 L.Ed. 181, it is entitled to the money referred to, an assertion of title clearly adversary to that made by the Escheator. The United

---

8. Act of June 28, 1935, P.L. 475.

9. See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, holding that a United States District Court in a di-

versity suit is "in effect" a court of the State in which it sits.

10. See *United States v. Klein*, 3 Cir., 1939, 106 F.2d 213.

States has alleged that it is the beneficial owner of the money and prays for a declaration to that effect. The Escheator for his part contends that the Clark case is not dispositive of any issue here presented, that it holds merely that one who bribes a government officer is in *pari delicto* with him and cannot recover back from the United States the money paid after it has been taken from the officer as punishment for his faithlessness.[11] Hence, says the Escheator, since the briber cannot claim the money there is no one to claim it because the United States is not entitled to it. In answer to this allegation the United States asserts that the suit brought in the Court of Common Pleas is one unconsented to by the sovereign and therefore the Pennsylvania tribunal is without jurisdiction or power to entertain it. The Escheator contends that the Pennsylvania court has concurrent jurisdiction under the Pennsylvania statutes with the United States District Court to decide the issues presented, and since suit was first brought in the Pennsylvania court, comity requires that the issues be adjudicated there.

But the deciding factor, we think, is that the United States has the right under Section 2042, Title 28 United States Code Annotated, to make application for an order of payment. This proposition is conceded to be correct by the Escheator.[12] Since it is conceded that the United States is entitled to *assert* a claim to the fund it must also be conceded that the United States is a necessary and indispensable party to the suit, one whose rights must be adjudicated. Cf. State of Louisiana v. Garfield, 211 U.S. 70, 75, 77–78, 29 S.Ct. 31, 53 L.Ed. 92. In the case at bar as in the cited case it is clear that the controversy "raises questions of law and of fact upon which the United States would have to be heard." The allegations of the petition filed by the United States and the answers thereto in the instant case demonstrate that the sovereign has a substantial interest, not a merely colorable one, in the litigation. See State of New Mexico v. Lane, 243 U.S. 52, 37 S.Ct. 348, 61 L.Ed. 588, Larson v. Domestic & Foreign Corp., 337 U.S. 682, 697–704, 69 S.Ct. 1457, 93 L.Ed. 1628, and Stanley v. Schwalby, 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960. It is settled that a suit directly involving the title of property in which the United States claims an interest is a suit against the sovereign.[13] Hence the suit in the Court of Common Pleas is one against the sovereign, the United States. But since the sovereign has not consented to be sued in the Pennsylvania tribunal, that Court lacks jurisdiction or the power to adjudicate the issues presented.[14]

11. Mr. Chief Justice Waite stated in the Clark v. U. S. case, 102 U.S. 322, 332, 26 L.Ed. 181, "They [the claimants] could not recover back from him [the officer of the United States] the money they paid, neither can they from the United States after it has been taken from him as a punishment for his faithlessness to his trust."

12. See p. 7 Heading II, of the answer of Escheator to supplemental memorandum of the United States.

13. Carr v. United States, 98 U.S. 433, 437–438, 25 L.Ed. 209; Cunningham v. Macon & Brunswick R. R. Co., 109 U.S. 446, 457, 3 S.Ct. 292, 27 L.Ed. 992; Christian v. Atlantic & N. C. R. R. Co., 133 U.S. 233, 10 S.Ct. 260, 33 L.Ed. 589; Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L. Ed. 599; Stanley v. Schwalby, 162 U.S. 255, 270, 272, 16 S.Ct. 754, 40 L.Ed. 960; State of Minnesota v. Hitchcock, 185 U. S. 373, 386–387, 22 S.Ct. 650, 46 L.Ed. 954; State of Oregon v. Hitchcock, 202 U.S. 60, 69–70, 26 S.Ct. 568, 50 L.Ed. 935; Naganab v. Hitchcock, 202 U.S. 473, 475–476, 26 S.Ct. 667, 50 L.Ed. 1113; State of Louisiana v. Garfield, 211 U.S. 70, 77–78, 29 S.Ct. 31, 53 L.Ed. 92; Goldberg v. Daniels, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191; State of New Mexico v. Lane, 243 U.S. 52, 58, 37 S.Ct. 348, 61 L.Ed. 588; Morrison v. Work, 266 U.S. 481, 485–486, 45 S.Ct. 149, 6 L.Ed. 394; Cummings v. Deutsche Bank, 300 U.S. 115, 117–118, 57 S.Ct. 359, 81 L.Ed. 545; State of Minnesota v. United States, 305 U.S. 382, 386, 59 S.Ct. 292, 83 L.Ed. 235; United States v. State of Alabama, 313 U.S. 274, 282, 61 S.Ct. 1011, 85 L.Ed. 1327; Maricopa County v. Valley Bank, 318 U.S. 357, 362, 63 S.Ct. 587, 87 L.Ed. 834; Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628.

14. It should be observed that a question arises in the instant case as to whether

The ruling in the Klein case is not apposite here for in that case the United States was a mere stakeholder and could not and did not assert any right to the money involved as Mr. Justice Stone pointed out. It was said in the Klein decision, 303 U.S. at page 281, 58 S. Ct. at page 538, that "the jurisdiction [of a court of the United States] is exclusive only in so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property." But here the power of the State Court is restricted because the sovereign has not consented to be sued in that tribunal.[15] As was said by the Supreme Court of Pennsylvania in In re Escheat of Moneys, etc., 1948, 358 Pa. 133, 137, 57 A.2d 256, 258, a case the facts of which present a very close analogy to those of the suit at bar, "To hold otherwise would effect an unconstitutional interference with congressional power." See also the Klein case, 303 U.S. at page 281, 58 S.Ct. at page 538.

We do not say that the United States is entitled to prevail in the instant action. But we do hold that the court below has jurisdiction of the res and of the cause of action by virtue of Section 2042. Cf. Sections 1345, 2201 and 2202 of Title 28. We decide also that the United States has the right to prosecute the instant suit in the court below at the present time and to continue its prosecution therein, unless it shall appear subsequently that it has no cognizable interest in the bribe money and that the court below erred in dismissing the suit. Whether or not the United States is entitled to prevail is a question which can be determined only on remand upon proper findings of fact and conclusions of law by the trial court. But we wish to emphasize that the court below has exclusive jurisdiction to determine in the first instance whether the United States is entitled to maintain a claim to the money, a res which is in the control of the court.

The application of Section 2462, Title 28 United States Code Annotated,[16] is one to be considered by the court below on remand. It should be borne in mind, however, that the United States contends here that its right to the bribe money is not based on statute but on judicial decision, viz., the Clark case. But if the provisions of Section 2462 be held to be both applicable and jurisdictional, questions will arise which also can be determined by the court below on proper findings of fact and conclusions of law. If these questions be resolved against the United States, the principle of the Klein case might then possibly become applicable. Concerning such questions, we of course express no opinion. We point out again however, at the risk of needless repetition, that since the United States claims that it is entitled to the money, the court below must proceed with the case upon remand.

The judgment of the court below is vacated and the cause is remanded with the direction to reinstate the petition and to proceed in accordance with this opinion.

or not the fund is within the *territorial* jurisdiction of the Pennsylvania court. Such a question is more than hinted at in the opinion of Mr. Justice Stone in United States v. Klein, 303 U.S. 276, 282–283, 58 S.Ct. 536, 82 L.Ed. 840, where it was said: "Since the Government has not set up and does not assert any claim or interest in the fund apart from the possession acquired under the decree of the district court and the statutes of the United States, it is unnecessary to consider now the effect on the decree of the state court of the fund's absence from the state, and the absence or nonresidence of the unknown claimants, if such is the case. All such questions will be open * * *." This question should be considered by the court on remand and its pertinency determined. It is not clear from the record where the money is presently located.

15. We note that the United States Attorney filed an answer in the suit in the Court of Common Pleas. The Escheator's petition and the answer just referred to are not before us so we do not know what is contained therein. But the United States Attorney by appearing in the Court of Common Pleas and filing an answer could not accept the jurisdiction of the court on behalf of the United States. The question is one of jurisdiction and not of mere venue.

16. The provisions of Section 2462, 28 U.S. C.A., are substantially identical with those of Section 791, 28 U.S.C. (1940).