## In re THOMPSON'S ESTATE.

### Appeal of McGRATH.
### No. 10451.

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1951.

Filed Nov. 14, 1951.

A. Jere Creskoff, Philadelphia, Pa. (Michael Edelman, Philadelphia, Pa., Robert L. Prior, Pittsburgh, Pa., on the brief), for appellant.

Ernest Frey, Pittsburgh, Pa. (Bernard Goodman, Pittsburgh, Pa., on the brief), for appellees.

Before GOODRICH and KALODNER, Circuit Judges, and KIRKPATRICK, District Judge.

GOODRICH, Circuit Judge.

This case presents a dispute between certain creditors of a bankrupt and the Pennsylvania appointed escheator. The subject matter is the remainder of the money in the bankrupt's estate which has now been covered into the United States Treasury following the statutory rule.[1]

The facts are simple and undisputed. In the administration of this estate dividend checks totalling $4,469.10 remained uncashed or several years. The Pennsylvania Escheator[2] brought an action in the Court of Common Pleas of Allegheny County and came out with a decree purporting to vest the remaining assets of the Thompson estate, represented by these uncashed checks, in him. Then he applied to the Bankruptcy Court for an order to get the money, evidencing his claim by the Common Pleas Court decree.[3] In the meantime, certain creditors who had received a dividend but who still had a large balance of their proved claims unpaid applied for the fund. The first claim of the Escheator was for all the remaining money. It was later modified so that he now asks to share with these creditors in the proportion which the size of their respective claims bears to the assets remaining. The difference in theory will make little differ-

ence in result for under the Escheator's present theory he will get the lion's share if he is successful.[4]

The District Court denied the escheator anything and ordered the distribution of the remaining money to the creditors who were then and there pressing their claims. Even with such distribution they are still far from being paid in full. The learned judge did not go into the question of the validity of the Pennsylvania decree but thought that there were sufficient grounds for a decision in the provisions of the bankruptcy law. We agree with the district judge that the bankruptcy law is adequate to take care of the case and that we need not examine the merits of the Pennsylvania decree.[5]

The case turns on Section 66 sub. b, of the Bankruptcy Act.[6] Here it is: "b. Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt * * *."

The literal application of the words of the statute almosts seems to settle all points in this case. The escheator, however, raises an argument which is intellectually stimulating for its ingenuity even though we are not going to accept it as valid. He says that these present claimants are not all of them "creditors;" they are in some instances assignees of creditors or executors of creditors who have died or other persons who have succeeded

1. Then 28 U.S.C.A. § 852, now 28 U.S.C. § 2042 (1951 Supp.).

2. There is some dispute, unnecessary to resolve here, as to whether the Escheator is proceeding under Act of June 7, 1915, P.L. 878, § 7, as amended, 27 Purdon's Penna.Stats.Anno. § 282 (1951 Supp.) or under Act of April 13, 1943, P.L. 41, § 1, 27 Purdon's Penna.Stat. Anno. § 42 (1951 Supp.). See In re Escheat of Moneys, 1936, 322 Pa. 481, 186 A. 600.

3. It was no problem that the money had been covered into the United States Treasury instead of being held in the Registry of the United States District Court. See 28 U.S.C. § 2042 (1951 Supp.). See also United States v. Klein, 3 Cir., 1939, 106 F.2d 213.

4. The bankrupt had 2800 creditors with claims aggregating millions of dollars, and the creditors petitioning here represent only $236,187.92 of these claims. If the escheater is allowed to represent all the other claims, the petitioning creditors will receive only an inconsequential dividend.

5. For the upholding of escheat proceedings in a situation where they are applicable, see United States v. Klein, supra, note 3.

6. 11 U.S.C.A. § 106, sub. b.

to the rights of the original creditors. Then he says that he, too, has succeeded to rights of the original creditors by force of the Pennsylvania statute which has been held constitutional by the Supreme Court of the United States.[7]

 The trouble with the argument is that escheat is not an assignment or anything fairly comparable to an assignment. In the English feudal law an escheat was the falling back or reversion of lands to the lord of the fee upon the failure of heirs capable of inheriting under the original grant. Of course, we never did much with the feudal system of land tenure in America but we use the term escheat. We use it to signify a reversion of property to the state in consequence of a want of any individual competent to inherit.[8] In other words, escheat is not succession or assignment. It is the action of the state stepping in and claiming property where the human beings who would otherwise own it have died or disappeared and where, if the state did not claim it, the lack of a lawful owner would be an invitation to self-service by first comers.

On the other hand, the whole purpose of the bankruptcy system is to make the bankrupt's property available to his creditors and, as the statute says, to give any surplus back to him. The state has no part in such a plan. Even if there were enough to pay creditors in full, the state would not be entitled to get the balance. By the very terms of the Bankruptcy Act it goes back to the bankrupt himself.

In this particular case there will still be creditors who will not participate in the distribution in litigation here. But it has been held, and we think correctly, that the creditors who do not pursue their rights cannot complain that more diligent creditors get a greater share in the assets than they do. In re Searles, 2 Cir., 1948, 166 F.2d 475.

The Klein decision, already referred to and cited to us by both sides, decided that Pennsylvania may constitutionally escheat unclaimed money deposited in the Registry of a United States District Court and later covered into the United States Treasury.[9] But, obviously, this does not say that the escheator can take funds away from unpaid creditors of a bankrupt.

The judgment of the District Court will be affirmed.

---

7. The reference is to United States v. Klein, 1937, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840.

8. This description is taken from Black's Law Dictionary which in turn quotes Kent and numerous decisions.

9. For this summary of the escheat in the Klein case see this Court's opinion in United States v. Klein, supra, note 3.