## LOUISIANA BANK *v.* WHITNEY.

## BOARD OF LIQUIDATION OF NEW ORLEANS *v.* SAME.

ERROR TO AND APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted April 11, 1887. — Decided April 18, 1887.

An order of court directing the payment into the registry of the court of a garnishee fund, claimed by a third party, pending the determination of the right to it, is not a final judgment or decree within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error.

This was a motion to dismiss for want of jurisdiction. The case is stated in the opinion of the court.

*Mr. Thomas J. Semmes* and *Mr. Alfred Goldthwaite* for the motion.

*Mr. Henry C. Miller* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a proceeding begun May 22, 1883, by Mrs. Myra Clark Gaines, then in life, to subject a certain sum of $40,000 on deposit in the Louisiana National Bank to the payment of a judgment in her favor against the City of New Orleans. There is no dispute about the fact that the money in question was on deposit when the proceeding was begun and the bank served with process, but the Board of Liquidation of the City Debt has made claim to it as part of the fund appropriated by Act No. 133 of 1880 to the payment and liquidation of the bonded debt of the city. Pending the determination of the questions involved, the court, March 15, 1886, ordered the money paid into the registry of the court. From this order the bank has appealed, and also sued out a writ of error, and the Board of Liquidation has likewise appealed. The representatives of Mrs. Gaines, who were made parties to the proceeding after her death, now move to dismiss both the writ of error and the appeals, because the order to be brought under review is not a final judgment or decree within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error.

We have no hesitation in granting the motion. The court has not adjudicated the rights of the parties concerned. It has only ordered the fund into the registry of the court for preservation during the pendency of the litigation as to its ownership. Such an order it has always been held is interlocutory only and not a final decree. *Forgay* v. *Conrad,* 6 How. 204; *Grant* v. *Phœnix Ins. Co.,* 106 U. S. 431. If in the end it shall be found that the fund belongs to the Board of Liquidation, it can be paid from the registry accordingly, notwithstanding the order that has been made. The money when paid into the registry will be in the hands of the court for the benefit of whomsoever it shall in the end be found to belong to.

*Both the appeals and the writ of error are dismissed.*