BERNARD FLIASHNICK, Appellant, *v.* MARTIN J. BURKE, as
Clerk of the Municipal Court, Second District, Borough of
the Bronx, and Others, Respondents.

First Department, January 19, 1917.

**Attorney and client — attorney's lien on costs — priority of lien over
that of judgment creditor — evidence.**

Where an attorney at law acting for a defendant in the Municipal Court
has obtained a judgment dismissing the complaint with costs which
have been deposited with the clerk of the court, the attorney has a lien
thereon for his services irrespective of the statute, and said lien is supe-
rior to that of a judgment creditor of his client.

In order to enforce said lien the attorney is not required to prove either
that his client is irresponsible, or has refused to compensate him, or that
there was any agreement that he was to receive any part of the avails of
his client's judgment.

APPEAL by the plaintiff, Bernard Fliashnick, from a judg-
ment of the Supreme Court in favor of the defendants, entered
in the office of the clerk of the county of New York on the 31st
day of March, 1916, upon the decision of the court after a trial
at the New York Special Term.

*Leonard F. Fish* of counsel [*Emanuel Sustick* with him
on the brief], for the appellant.

*Thomas H. Beardsley*, for the respondents.

SMITH, J.:

In an action in the Municipal Court, Second District, borough
of Bronx, in which Catherine Hagmayer was plaintiff and the
Novelty Stamp Company was defendant, the plaintiff discon-
tinued, and the costs were taxed. These costs, amounting to
sixty-eight dollars and seventy-five cents, were deposited with
the clerk of the said Municipal Court, Second District. This
plaintiff was the attorney for the defendant in that action, and
seeks in this action to have those costs applied to the satisfac-
tion of his lien thereupon. The defendant, The New York
Edison Company, defends the action upon the ground that it

First Department, January, 1917.            [Vol. 176.

has a superior lien by virtue of an execution levied thereupon in an action in which said company was plaintiff and the said Novelty Stamp Company was defendant. The trial court has found that the plaintiff has not been paid for his services in the Hagmayer action, but has dismissed the complaint upon the ground that the plaintiff has failed to prove that the Novelty Stamp Company is either irresponsible or that it has refused to compensate the plaintiff for the services rendered to it, and further, upon the ground that there was no agreement between the plaintiff herein and the Novelty Stamp Company whereby the plaintiff was to receive the avails of any judgment rendered in favor of that company in the Hagmayer action.

That this plaintiff has a lien upon those costs irrespective of statute has been determined in this department in the case of *Agricultural Insurance Co.* v. *Smith* (112 App. Div. 840). As against any third party, therefore, the plaintiff has the clear right to these costs to satisfy his lien for his compensation in that action, which charges have not been paid. Nor is the plaintiff bound to prove that he could not otherwise collect his charges. The case of *Webb* v. *Parker* (130 App. Div. 92, 101) presents a situation entirely different from that here found. In that case it was held that parties to arbitrations may agree that judgments shall not be entered upon the awards, but that one award shall be offset against another and judgment entered for the difference only. It was held, however, that the attorney has a lien upon an award superior to this right of set-off, but before the right of set-off under that agreement can be defeated the attorney must show that he is unable to collect for his services from his client. In other words, that the right of set-off between the parties to the action can only be defeated by an attorney's lien when the attorney is unable to collect his compensation from his client. It has nowhere been held that as against a third party seeking to seize the costs in an action by an execution the attorney is required to make efforts to collect his compensation from his client personally before applying said costs to the payment of that compensation. It would seem as though such costs constituted the primary fund from which such compensation should be paid.

The determination of the trial court should, therefore, be

reversed, with costs, and judgment directed for the plaintiff, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment reversed, with costs, and judgment directed for plaintiff, with costs.   Order to be settled on notice.