IN THE MATTER OF THE ESTATE OF JOHN URL, DECEASED.

Argued October 16, 1950—Decided November 6, 1950.

508

*Mr. Ernest P. Biro* and *Mr. Milton Popper* of the New York Bar argued the cause for the appellant; *Messrs. Wolf, Popper, Ross & Wolf* (of the New York Bar) on the brief.

*Mr. James I. Bowers* argued the cause for the respondent executor; *Messrs. Bowers, Rinehart & Murphy,* attorneys.

*Mr. Francis F. Welsh* argued the cause for the intervening next of kin of John Url; *Messrs. Brunetto & Welsh,* attorneys.

The opinion of the court was delivered by
OLIPHANT, J. Defendant appealed to the Appellate Division from a judgment entered in the Somerset County Court, Probate Division. We certified the cause on our own motion.

510

By his last will and testament John Url, deceased, devised and bequeathed his residuary estate for the benefit of an orphanage in the City of Szekesfehervar, Hungary.

The residuary clause of the Will reads as follows:

"Fourteenth: All the rest residue and remainder of my estate, both real, personal, and mixed, wheresoever situate, including all lapsed legacies, I hereby give devise and bequeath for the benefit of Arva Haz of Szekesfehervar in the City of Szekesfehervar, Hungary, under the joint control of the city administration and the Roman Catholic Bishop of Szekesfehervar, no portion of either principal or interest to be used for any other than the designated purpose. This bequest is made in remembrance of the good deeds done in the past for the orphan boys and girls by the City of Szekesfehervar."

On December 24, 1948, the first and final account of the executor of the estate was brought on for settlement and allowance before the Somerset County Court. The residuary legatee was represented by the attorney of the Acting Consul General of the Hungarian Republic in New York City who was acting pursuant to a purported power of attorney executed and filed by Arva Haz. On January 28, 1949, judgment was entered allowing the executor's account, commissions and attorney's fees. That judgment ordered "that the residue of said estate, after payment of the commissions and fees above set forth, is to be held by said executor and to be distributed by him in accordance with the last will and testament of the decedent, John Url."

The executor did not pay over the residue of the estate to the Acting Consul General of the Hungarian Republic at New York but served notice on him of an application for a judgment upon his request for directions as to the distribution of the estate. This notice together with a complaint was filed April 6, 1949. In that complaint the executor alleged there remained in his hands for final distribution the sum of $52,297.47 and that "there is grave doubt in his mind as to the existence of said Arva Haz of Szekesfehervar, the beneficiary entitled to the residue of the estate * * * and that there is a question as to the propriety of paying the said residuary estate in view of existing political and economical

conditions in Hungary." He asked that a judgment be entered determining the existence of said Arva Haz of Szekesfehervar and that the judgment direct him as to whether or not payment of the net estate should be made "at this time." An answer was filed on behalf of the Hungarian Acting Consul General at New York and several hearings were had.

County Judge Arthur B. Smith determined there was a reasonable probability that if the funds were delivered to the Hungarian Acting Consul General the legatee would not have the benefit or use or control thereof; that the court doubted whether the orphanage presently existed in fact in such manner as can be said it was the same institution which was the object of the testator's bounty; and that if payment was made to the Hungarian Acting Consul General for transmission to the legatee a large part thereof would be confiscated and diverted to the use of the Hungarian Government. As a consequence he entered the judgment, which is the subject of this appeal, that the executor pay the residue of the estate, after payment of counsel fees and costs, to the Surrogate of Somerset County "to be by him held for the benefit of such legatee, next of kin, beneficiary or such other person or persons who may hereafter be determined to be entitled thereto." Other questions raised were reserved for determination at a time when adequate proof could be offered to warrant the court in making final disposition of the matter. *In re Url,* 7 *N. J. Super.* 455 (1950).

The action of the court below was based on *R. S.* 3:26–18, which provides:

"Where it shall appear that a legatee, next of kin or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld, the court by which the fiduciary was appointed, or in the case of a trust where the trustee was appointed other than by a court, the Court of Chancery, on motion of any party, or, failing such, on motion of the Attorney-General, or on the court's own motion, may direct that such money or other property be paid into such court for the benefit of such legatee, next of kin, beneficiary of a trust, or such person or

persons who may thereafter appear to be entitled thereto. Such money or other property so paid into court shall be paid out only by the special order of the court."

The judgment entered was not of such finality as to entitle appellant to appeal therefrom under *Rule* 4:2–1. It merely postponed the meritorious question of title to and ownership of the residuary estate until the facts and circumstances can be developed and properly proven. It is an interlocutory, not a final judgment. *Louisiana National Bank v. Whitney,* 121 *U. S.* 284, 7 *S. Ct.* 897, 30 *L. Ed.* 961 (1887).

Appellant argues the judgment is appealable under *Rule* 4:2–2(a) because it is, in form and substance, a prohibitory injunction against the distribution of the estate and a mandatory injunction requiring the executor to pay the residue of the estate to the Clerk of the Court. The premise is not sound. The judgment is not an injunction in any form, it is a custodial order to preserve the *res* pending a final determination. An injunction was neither prayed for nor granted.

It is further argued the judgment is appealable under *Rule* 4:2–2(b) and (d). Subdivision (b) relates to receiverships and is not applicable here; subdivision (d) permits an interlocutory appeal "when necessary to preserve and maintain the *res* or *status quo* pending final judgment and prevent irreparable injury or mischief." This argument is predicated upon the fact that the judgment ordered payment of a counsel fee to Brunetto & Welsh, attorneys of the heirs at law and next of kin of the testator, and that if this payment was made and that part of the judgment found erroneous the money would be lost to the estate. More of this later.

"Final judgments" as used in *Rule* 4:2–1 are those from which writs of error would lie under the old practice. At common law and under the Practice Act of 1912 a writ of error, or an appeal tantamount thereto, would not lie until after final judgment or final disposition of the case, not only as to all issues but as to all parties. *Gottfried v. Gottfried,* 106 *N. J. L.* 115 (*E. & A.* 1930). Final judgments review-

able on writs of error included "decisions rendered in the exercise of the equitable powers of a court of law, or in the course of its statutory or summary jurisdiction, provided they result in a final disposition of the matter and have not rested in the discretion of the court." *Defiance Fruit Co. v. Fox,* 76 *N. J. L.* 482 (*E. & A.* 1908) ; *Palm Beach Mercantile Co. v. Ivers,* 2 *N. J. Super.* 5 (*App. Div.* 1949). A judgment to be appealable under *Rule* 4:2–1 must be final in the suit, not as to an intermediate or incidental particular but in regard to the principal matter in controversy. *Cf. Allen v. Tyler,* 32 *N. J. L.* 499 (*E. & A.* 1866). In the instant cause the rights of the parties with respect to the funds in the residuary estate have not as yet been determined and final decision thereon has been expressly reserved. '

 As the judgment appealed from is interlocutory and not final the allowance of a counsel fee to the attorneys of the heirs at law and next of kin of the testator must await the final disposition of the cause.

When competent and adequate proof can be offered to warrant the court in making final disposition of the matter this must be done.

The appeal will be dismissed, without costs.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.