35 N.J. Super. 351 (1955)
114 A.2d 26
IN THE MATTER OF THE ESTATE OF SUSIE VOLENCKI, DECEASED.
Superior Court of New Jersey, Mercer County Court, Probate Division.
Decided May 11, 1955.
Mr. John F. McCarthy, Jr., attorney for plaintiff.
Mr. Ralph S. Mason, attorney for defendants.
BENNETT, J.C.C.
Under the provisions of the last will and testament of Susie Volencki, deceased, five residents of Hungary share, along with one Mary Bahmer, the residuary *352 part of this decedent's estate. Plaintiff, attorney for the administrator, moves the court for an order of distribution and requests the court to utilize N.J.S. 3A:25-10 so that plaintiff may be authorized to pay into court the distributive shares of the non-resident beneficiaries. The material parts of the statute provide as follows:
"Where it shall appear that a legatee, next of kin or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld, the court to which the fiduciary is accountable, or, in case of a trust where the trustee was appointed other than by a court, the superior court, on motion of any person in interest, or, failing such, on motion of the attorney general or on the court's own motion, may direct that such money or other property be paid into such court for the benefit of such legatee, next of kin, beneficiary of a trust, or such person or persons who may thereafter appear to be entitled thereto. Such money or other property so paid into court shall be paid out only by order of the court. Moneys heretofore deposited to the credit of the surrogate's court of any county by reason of an order of that court shall be transferred to the credit of the county court of the county."
The non-resident beneficiaries appear in court vicariously through counsel for the Hungarian Consul General, representative of the Hungarian People's Republic. Appropriate copies of the powers of appointment were admitted into evidence, together with appropriate certified copies of the law of the People's Republic of Hungary dealing with the rights of beneficiaries of a will made outside of Hungary and establishing their own rights as such.
The applicable statute was enacted by the New Jersey Legislature in 1940 and was patterned after an earlier New York statute, and it, together with the statutory history in New York, was discussed in the case of In re Url's Estate, 7 N.J. Super. 455 (1950), appeal dismissed 5 N.J. 507 (1950), and plaintiff relies upon the holding of this case and that of Matter of Siegler's Will, 284 App. Div. 436, 132 N.Y.S.2d 392 (App. Div. 1954). Counsel for the beneficiaries claims material distinctions in both these cases for the reason that there was evidence before the court which *353 would reflect adversely upon the ability of the beneficiaries to receive distribution.
A literal interpretation of the statute authorizes its use by the court without positive proof of the intended beneficiaries' lack of control. While none of the cases referred to establish the proposition that the statutory bridle may be based on judicial notice alone, it is felt that since nothing is taken away and all is preserved until the court receives convincing assurances that distributive shares will reach their proper destination, common knowledge of obstacles on the way should be sufficient.
The spirit of the statute is a precautionary one; payment into court is interlocutory, and application for distribution to the beneficiaries may be renewed at any time. Pending that renewal, inter alia it is hoped that counsel will make inquiries concerning the currency exchange rate between this country and that of Hungary, and the attitudes of the Department of State and Attorney-General.
An order will be entered consistent with these views upon presentation by the attorney for the estate.