George A. LEE, Appellant,

v.

WESTERN WOOL PROCESSORS, INC., Appellee.

No. 7004.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1962.

**14**

William J. Hewitt, Denver, Colo. (Dayton Denious, Denver, Colo., on the brief), for appellant.

Robert B. Murray (of Murray & Hecox), Colorado Springs, Colo., for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

This action arose in the District Court for the District of Colorado as a claim by plaintiff-appellant upon a promissory note. Defendant-appellee did not question the alleged indebtedness on the note but pleaded the existence of counterclaims. Upon stipulation and motion for partial summary judgment, the court entered judgment for plaintiff in the amount of $17,262.50, staying execution pending determination of the counterclaims. As conditions of the stay order defendant was required to deposit with the clerk of the court the sum of $18,-271.69 and to make further deposits of interest payments from time to time. The order, dated November 22, 1961, also provided:

"4. Within 10 days after receipt of statement from plaintiff's attorney, defendant shall reimburse plaintiff's attorney for all payments of court costs since date of judgment including clerk's fees, marshal's fees, sheriff's fees, recording fees and advertising, as shown by the statement."

"7. Should defendant fail to make any of the payments required by paragraph 4 * * *, then on application of plaintiff and without necessity of notice to defendant or further order of court, the Clerk of the Court shall pay plaintiff or plaintiff's attorney of record so much of the security deposits * * * as may be necessary to satisfy plaintiff's judgment in full, and shall pay to defendant or defendant's attorney of record any remaining balance of such security."

On January 3, 1962, plaintiff's attorney, in an ex parte application and upon representation that defendant had not met the conditions of paragraph 4, obtained the full amount of the money on deposit with the clerk. The check representing the amount of the deposit was signed by the clerk and the judge who had entered the order conditionally staying execution.

Several weeks later defendant learned that the deposit of monies had been paid to plaintiff and immediately sought an order requiring the return of the monies

to the registry upon claim that there had been no violation of the provisions of paragraph 4 of the stay order. The motion was heard by a judge other than the judge who had entered the stay order but to whom the case had been then regularly assigned. Defendant's motion was granted and an order entered requiring plaintiff to forthwith re-deposit with the clerk all monies withdrawn. This appeal is taken from such order and our initial consideration must be directed to the question, raised by motion to dismiss, of whether this court is without jurisdiction to review the order in that it is not a final decision, 28 U.S.C.A. § 1291, nor within the purview of interlocutory determinations permitted under 28 U.S.C.A. § 1292.

Clearly the order appealed from has interlocutory aspects in its nature but plaintiff-appellant relies upon the liberal interpretation of the final judgment rule rendered by the United States Supreme Court in numerous cases, Forgay v. Conrad (1848) 6 How. 201, 12 L. Ed. 404; Thomson v. Dean (1868) 7 Wall. 342, 19 L.Ed. 94; Radio Station WOW v. Johnson (1945) 326 U.S. 120, 124, 65 S.Ct. 1475, 89 L.Ed. 2092; Swift & Co. Packers v. Compania Colombiana Del Caribe (1950) 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206. Defendant-appellee counters with language from those cases and others which appears to exclude from their operation orders for the payment of money into court or trust to abide the final decision on the merits of the case and cites particularly Louisiana National Bank v. Whitney (1887) 121 U.S. 284, 7 S.Ct. 897, 30 L.Ed. 961, wherein it is stated:

" * * * The court has not adjudicated the rights of the parties concerned. It has only ordered the fund into the registry of the court for preservation during the pendency of the litigation as to its ownership. Such an order it has always been held is interlocutory only and not a final decree. * * *" 121 U.S. at 285, 7 S.Ct. at 897, 30 L.Ed. 961.

But the view that the present order falls in the general description of funds impounded by the court pending litigation is an oversimplification of the fact situation. Here, the parties entered an agreement to withhold execution of a judgment already obtained subject to certain conditions. The plaintiff-appellant, regarding the agreement as breached by reason of the failure of the conditions, withdrew the funds in accordance with the remedy afforded by the stipulation. Defendant-appellee, contending that no breach had occurred, sought the ruling of the court. The order entered finalized the matter as to the interpretation of the agreement. It has no bearing upon the merits of appellant's judgment nor the validity of counterclaims. If review is postponed until the entire case is ripe for appeal, the right claimed and resolved by the trial court will be a nullity. Thus, the order here involved falls within the rule of Cohen v. Beneficial Industrial Loan Corp. (1949) 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528:

" * * * But this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to effect, or to be affected by, decision of the merits of this case.

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. * * *

"We hold this order appealable because it is a final disposition of a

**16**

claimed right which is not an ingredient of the cause of action and does not require consideration with it. But we do not mean that every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, * * * appealability would present a different question." 337 U.S. at 547, 69 S.Ct. at 1226, 93 L.Ed. 1528.

We hold that under the totality of circumstances the subject order is appealable and the motion to dismiss is so denied.

■■ We find, however, that plaintiff's dual appellate contentions that the trial court erred and was without jurisdiction to require re-deposit of the monies are without merit. The undisputed facts show that attorneys for defendant received through the mail at their Colorado Springs office on December 22, 1961, the statement of costs mailed by plaintiff's attorneys from their Denver office. On January 2, 1962, defendant's attorneys mailed back their check for the full amount which was received by plaintiff's attorneys on January 3, 1962. Plaintiff's attorneys had at such time applied for but had not received the deposited monies. In interpreting its own order the trial court held that the payment was timely; that the usual course of dealings between the parties established the use of the mails for payment, and drew such inference from the facts that the lawyers were in different cities, the statement of costs had been mailed, and all other service and negotiations by the parties in connection with this lawsuit had been submitted by mail. Under the circumstances, we find no error of law and the finding of the trial court cannot be set aside as clearly erroneous, F.R.Civ.P. Rule 52; Friedman v. Sealy, Inc., 10 Cir., 274 F.2d 255; Colby v. Cities Service Oil Company, 10 Cir., 254 F.2d 665. Nor does the order requiring re-deposit constitute a prohibited reversal by one district judge of the order of another. The act of signing the check allowing withdrawal of the monies was not a formalized order and was not premised upon a determination of either law or fact. The order appealed from held only that a self-executing order of the court had been abused by plaintiff and such determination was made by the judge to whom the matter was regularly assigned. And, in fact, the motion was heard only after full understanding by both judges of the procedural complications involved.

The judgment is affirmed.