Melvin B. **HANSEN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17801.

United States Court of Appeals
Eighth Circuit.

Jan. 20, 1965.

Joseph Robbie and Peter Lindberg,
Minneapolis, Minn., for appellant.

Miles W. Lord, U. S. Atty., and Stanley H. Green, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Melvin B. Hansen from order denying his motion to reopen judgment and direct payment to him of undisbursed funds held by the United States in trust account pursuant to 31 U.S.C.A. § 725p.

Defendant's statement of the case, adopted by the Government, reads:

"On October 15, 1952, the United States of America obtained a judgment against Melvin Hansen in the amount of $12,146.82, representing a violation of Title 50, United States Code, App. 1896(a) (1), making it unlawful for any person to demand, accept, receive or retain any rent for the use or occupancy of house accommodations in excess of the maximum rent prescribed under the act. The amount represented unclaimed overpayments of rent of tenants in housing accommodations operated by Melvin Hansen. The judgment was satisfied on August 5, 1954, by the payment of the amount of the judgment to the General Accounting Office, which in turn transferred the funds to a trust receipt

account number 20881, with the Treasury of the United States. There remains in this account $1,534.72 in unclaimed monies. Melvin B. Hansen now brings this motion to reopen the judgment and as further relief to be granted the return of $1,534.72."

Each of the parties argues the question of the trial court's jurisdiction to consider the motion. Defendant relies on brief upon Fed.R.Civ.P. 60(b) (5) and (6)[1] and particularly Rule 60(b) (6).[2]

In Klapprott v. United States, 335 U. S. 601, 614–615, 69 S.Ct. 384, 390, 93 L.Ed. 266, the Court majority gives Rule 60(b) (6) a broad interpretation, stating, "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott is distinguished in Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207, the Court there holding that extraordinary circumstances required to entitle movant to Rule 60(b) (6) relief were not shown. See Federal Deposit Ins. Corp. v. Alker, 3 Cir., 234 F.2d 113, 116–117; 7 Moore's Federal Practice, 2d Ed., ¶ 60.27.

■■ We need not here attempt to precisely define the exact scope of Rule 60(b) (6). We agree with the trial court's determination that defendant has failed to show that an extraordinary situation exists which entitles him to relief from the judgment entered against him. The trial court states:

"Aside from the procedural questions raised, the defendant is no better off on the merits. The amount paid under the judgment represents a return of rent monies to tenants unlawfully overcharged in violation of the Housing & Rent Act. Under the judgment the money was paid to the General Accounting Office. That office transferred the funds to a trust account in the Treasury of the United States (the account entitled 'Unclaimed Moneys of Individuals Whose Whereabouts Are Unknown,' 31 U.S.C. App. § 725p.), where it is being held for the benefit of the named beneficiaries of the judgment or their estates. There is no statute authorizing the Court to direct the payment of these trust funds to any person other than the designated beneficiaries or their estates."

The defendant consented to the judgment entered against him based upon rentals illegally exacted from named tenants. He has paid such judgment in full and satisfaction thereof has been entered. Defendant has no title or right to any money he paid to satisfy the judgment. A judgment debtor who has paid his judgment is not the rightful owner of unclaimed portions of the judgment deposited in a trust account in the Treasury pursuant to the statute. United States v. Klein, 3 Cir., 106 F.2d 213; Pennsylvania R. R. v. United States, 3 Cir., 98 F.2d 893; United States v. Cochrane, 5 Cir., 87 F.2d 3.

In the Pennsylvania Railroad case, supra, judgment was entered against the railroad in favor of bondholders. Some bondholders could not be located and the undisbursed funds due such bondholders were placed in a statutory trust account. The court held that the railroad was

---

1. In the trial court, Hansen also based relief upon Fed.R.Civ.P. 59(e). As stated by the trial court, such relief is not available as the motion was not served within ten days after judgment as required by the rule.

2. Rule 60(b) (6) reads: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment."

not entitled to recover such undisbursed funds, stating:

"When payment of the amount decreed was made by the Railroad Company it was a payment by that company of its indebtedness to the holders of the bonds. * * * The money with which it made the payment was its money until payment. At that moment, however, title passed to the holders of the bonds. Consequently thereafter the Railroad Company had no more title to the money than it would have had if it had used it to pay any other debt.

\* \* \* \* \* \*

"The fund in question must, therefore, remain in the Treasury until claimed by the persons having title thereto or by the Commonwealth of Pennsylvania if their title has vested in it by escheat." 98 F.2d 893, 894.

The parties here agree that the proceeds of the judgment not distributed to tenants entitled thereto was properly deposited with the Treasury in a trust account pursuant to 31 U.S.C.A. § 725p as "Unclaimed Moneys of Individuals Whose Whereabouts Are Unknown." It is also agreed that neither the Housing & Rent Act nor § 725p contain provisions for the disbursement of trust funds. The provision for the payment of the trust fund is found in 28 U.S. C.A. § 2042 which provides in part:

"No money deposited shall be withdrawn except by order of court.

\* \* \* \* \* \*

"Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

A controversy exists as to whether the defendant is a claimant within the meaning of the foregoing statute. The Government contends that the words "any claimant" as used in the statute embraces only rightful claimants to the fund at the time of the deposit or their successors in interest and such claim seems quite persuasive. In any event, the burden is upon the claimant to show his right to the fund. Pennsylvania R. R. v. United States, supra. Such burden has not been met.

In In re Moneys Deposited in and Now Under the Control of the United States District Court for the Western District of Pennsylvania, 3 Cir., 243 F. 2d 443, 445, the court in upholding the State of Pennsylvania's right to claim by escheat unclaimed funds deposited in the Federal Treasury states:

"For although such subsequent deposit in the federal treasury is required by the statute to be 'in the name and to the credit of the United States' the fact is that the United States has no beneficial interest therein but holds the money as statutory trustee for the rightful owners when and if they are determined by the court. United States v. Klein, 1938, 303 U.S. 276, 58 S. Ct. 536, 82 L.Ed. 840; United States v. Klein, 3 Cir., 1939, 106 F.2d 213, certiorari denied 308 U.S. 618, 60 S.Ct. 295, 84 L.Ed. 517; In re Searles, 2 Cir., 1948, 166 F.2d 475, 477, 4 A.L.R.2d 1431. * * * "

Defendant's reliance upon the law of trusts is misplaced. Defendant did not create a trust by paying the judgment outstanding against him. He was only satisfying his obligation in so doing. The trust fund here involved is created by federal law. The federal statutes heretofore described control the proper disposition of the trust fund.

There is nothing in the applicable federal statutory or case law which gives a judgment debtor who has paid a judgment against him for damages based upon his wrongful act a right to recover any portion of the payment made to satisfy the judgment in event parties entitled to the proceeds of the judgment fail to claim their portion thereof. Moreover, no equitable basis exists for returning to the defendant the alleged illegal rent overcharges he wrong-

fully exacted and which he repaid by satisfying the judgment rendered against him in the action properly prosecuted by the Government. The termination of rent controls does not affect the right to recover for excessive rentals collected while the Act was in effect. See United States v. Moore, 340 U.S. 616, 620–621, 71 S.Ct. 524, 95 L.Ed. 582; Woods v. Bomboy, 3 Cir., 179 F.2d 565, 566.

The only issue decided by the trial court is that the defendant is not entitled to any of the undisbursed balance of the trust fund arising out of the payment of the judgment. The trial court's decision upon such issue is clearly right.

Affirmed.