Alexander W. Kramer, J.
Pursuant to an action commenced in this court on May 13, 1966, a judgment after trial was awarded plaintiff, John Orth, against defendant, Service Fire Insurance Company, in the sum of $565.95, and entered in the office of the Clerk of the court on December 19, 1966, under index number BAC-2261/66.
By affidavit of Michael M. Coon, attorney for Universal C.I.T. Credit Corporation, it is shown that an action was commenced by C.I.T. against John Orth under index number C-495-1966 on June 29, 1966, and a judgment entered against the said John Orth on February 18, 1966 in the amount of $1,406.16.
The affidavit of Michael M. Coon, also states that on November 17, 1966 an execution with notice of garnishee was issued to the Sheriff of New York County, which was served upon Service Fire Insurance Company, as a result of which C.I.T. received $565.95.
A copy of the execution and garnishee issued pursuant to CPLR 5232 (subd. [a]), is attached to the moving papers.
This motion, which is upon notice to John Orth, is made by Service Fire Insurance Company of New York, for an order directing the Clerk of this court to make an entry of satisfaction on the docket of the judgment, pursuant to CPLR 5021 (subd. [a], par. 2).
*570 CPLR 5021 provides that the “ clerk of the court in which the judgment was entered ” “ shall make an entry of the satisfaction or partial satisfaction on the docket of the judgment upon: * * * 2. the order of the court, made upon motion with such notice to other persons as the court may require, when the judgment has been wholly or partially satisfied but the judgment debtor cannot furnish the clerk with a satisfaction-piece or partial satisfaction-piece
Recourse to this procedure under CPLR 5021 (subd. [a], par. 2) is appropriate when the judgment creditor has wrongfully refused to execute a satisfaction-piece. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5021.05.)
An affirmation in opposition to the motion is submitted by the attorney for John Orth, who is the same attorney who represented the said John Orth as plaintiff in the action against Service Fire Insurance Co., wherein the judgment of $565.95 was awarded plaintiff. This attorney contends that satisfaction of the judgment should no.t be entered, on the ground that his attorney’s lien attached to the judgment took preference and priority to any and all other liens or judgments which may have been had against either John Orth or the Service Fire Insurance Company of New York.
Attorney’s liens are divided, according to their nature, into two classes:
1. general, possessory, or retaining liens; and
2. charging or special liens.
The general or retaining lien attaches to all property, papers, books, documents, securities, and moneys of the client coming into the hands of the attorney, and gives him the right to retain possession thereof as security for costs and disbursements.
The special or charging lien is one given to the attorney for his services in a particular proceeding, which attaches to the client’s cause of action, verdict, judgment or order and the proceeds thereof. (3 N. Y. Jur., Attorney and Client, § 126.)
We are herein concerned with the special or charging lien on the judgment and the proceeds thereof. This lien is provided for by section 475 of the Judiciary Law, which states as follows: “ From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the *571 proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.” (As amd. by L. 1936, ch. 876; L. 1938, ch. 34; L. 1946, ch. 105, eff. Sept. 1, 1946.)
Generally, the lien of an attorney for services rendered in an action, which attaches to the cause of action or the judgment therein is superior to .the claim of a creditor levying execution thereon. (Fliashnick v. Burke, 176 App. Div. 367.)
In Matter of Peters [Bachmann] (271 App. Div. 518) the court held that creditors of the client- may only assert and enforce their claims against .the portion of the judgment remaining after the amount of the attorneys’ lien has been paid or otherwise discharged.
In Dienst v. McCaffrey (32 N. Y. S. 818) the defendant’s attorney moved to vacate an order made in supplementary proceedings requiring payment to the plaintiff of the amount of a judgment recovered- by the defendants against a third person. The court here held in effect that the attorney’s lien upon a judgment is superior to the rights of judgment creditors of the client upon supplementary proceedings, and granted defendant’s motion.
The execution and garnishee served upon Service Fire Insurance by C.I.T., was limited .to the indebtedness which Service Fire Insurance Company owed to John Orth and in which the said John Orth had an interest. To the extent of the amount of the attorney’s lien, John Orth did not have an interest in the indebtedness. Creditors of the client may only assert and enforce their claims against the portion of the judgment remaining after the attorney’s lien has been paid or otherwise discharged. (Matter of Peters [Bachmann], 271 App. Div. 518, supra-, Matter of Meltzer v. Ceglia, 9 Misc 2d 464.)
Accordingly, the judgment debtor’s motion for an order directing the Clerk of this court to make an entry of the satisfaction of judgment heretofore entered in favor of John Orth against Fire Insurance Company of New York on December 19, 1966 in the amount of $565.95 should be denied unless the charging lien for .the attorney’s fees of Blottner and Blumberg, Esqs., be paid or otherwise discharged.