Earl WILLAMETZ, Plaintiff-Appellant,

v.

Joseph SUSI et al., Defendants,

and

Hartford Accident and Indemnity Company, Trustee, Appellee,

and

Anthony J. Orlando, Trustee.

No. 73-1267.

United States Court of Appeals,
First Circuit.

Argued Nov. 5, 1973.

Decided Dec. 20, 1973.

J. Francis Hayden, New York City, for appellant.

Robert B. Stimpson, Boston, Mass., with whom Jaffee & Stimpson, Boston, Mass., was on brief, for appellees, Hartford Accident and Indemnity Co. and Anthony J. Orlando.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from an order which granted appellee Hartford's motion to release certain funds which Hartford had originally deposited in the district court on condition that the court enjoin the enforcement of a New York judgment against it. While such an order has interlocutory aspects in that the action is still pending in the district court, *see* Louisiana National Bank v. Whitney, 121 U.S. 284, 7 S.Ct. 897, 30 L.Ed. 961 (1887), we subscribe to the rule of Cohen v. Beneficial Industrial Loan Corp.,

337 U.S. 541, 546, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949), and treat this appeal as one falling "in that small class . . . too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

The procedural history relevant to the present case goes back almost ten years. The complaint alleges that the appellant, a resident of Connecticut, obtained a New York judgment against appellee Susi doing business as Susi Contracting Company, for $16,602.31, entered on August 12, 1964, and that Susi is further indebted to the appellant in the sum of $83,168. for accrued rentals and damage to equipment. The complaint also states that Susi's only asset is a New York judgment for $153,816.62 recovered on May 15, 1968 against appellee Orlando, who is a resident of Massachusetts. Appellee Hartford posted an appeal bond on behalf of Orlando, after which time Susi's judgment against Orlando was affirmed in the New York court and further leave to appeal denied. Susi then sued Hartford in New York on the appeal bond and recovered a judgment against Hartford for $178,456.73, entered June 5, 1972.

Meanwhile, the appellant filed a writ of attachment and garnishment against Orlando and Hartford in Massachusetts and commenced this action in the federal district court. Hartford, fearing double liability if the New York judgment were enforced and if the appellant were successful in the federal court, requested the district court to enjoin the enforcement of the New York judgment against it pending determination of the present action. The district court granted the injunction on condition that Hartford deposit with the clerk of the district court an amount of money equaling the New York judgment of $178,456.73.

Several months later, Hartford filed a motion to release $59,485.57 of the fund deposited in the district court. Hartford based its motion on the fact that

soon after it had deposited the fund, the New York court determined that one of Susi's former attorneys had a lien against the fund which took priority over the claims of any other creditors, and ordered Hartford to pay $59,485.57 to the attorney. Therefore, according to Hartford, since the appellant could be entitled to no more of the original judgment against Orlando than the amount left over after the attorney's lien had been paid, the fund deposited in court should be reduced by that amount. The district court, looking to the law of New York under which an attorney's lien has priority over other creditors, granted the motion.

The appellant contends that the district court erred in ordering a release of a part of the fund because, inter alia, the fund had originally been deposited with the unconditional assurance by Hartford that the entire sum would be payable either to Susi or to the appellant, and further, because a release of a part of the fund would have the effect of giving Susi's former attorney a priority over the claims of the appellant without the appellant ever having an opportunity to contest either the legality of the priority or the amount of the lien.

Before dealing with the merits of appellant's arguments, mention should be made of the problem of diversity in the present action. Since jurisdicton is grounded on diversity of citizenship, and both the appellant and appellee Hartford are residents of Connecticut, it would seem that the federal court lacks jurisdiction. Treinies v. Sunshine Mining, 308 U.S. 66, 71, 60 S.Ct. 44, 84 L.Ed. 85 (1939). But the question really turns on whether Hartford, as stakeholder for Orlando, is merely a formal party or necessary and indispensable to the action. If the latter, there can be no diversity. Although it is well settled that a stakeholder is considered necessary and indispensable where a cause of action exists against it to recover property which it resists giving up voluntarily, Massachusetts and Southern Construc-

tion Co. v. Cane Creek Township, 155 U.S. 283, 285, 15 S.Ct. 91, 39 L.Ed. 152 (1894); Johnson v. Middleton, 175 F.2d 535 (7th Cir. 1949); 3A Moore ¶19.08, the stakeholder is not considered necessary and indispensable where, as here, no cause of action exists against it "because it has not been determined which of the other parties is entitled to payment", Salem Trust Co. v. Manufacturer's Finance Co., 264 U.S. 182, 190, 44 S.Ct. 266, 68 L.Ed. 628 (1924). This is not a case where Hartford might, on some view of the facts, be legally obligated to pay twice. *Cf.* National Life Ins. Co. v. Pingrey, 141 Mass. 411, 6 N. E. 93 (1886). Hartford's only interest in the present action is to avoid paying out a sum which exceeds the amount owed by Orlando to Susi. Because Hartford is indifferent as to how this sum is carved up between Susi, Susi's attorney, and the appellant, Hartford's interest cannot be considered so necessary that not to consider it "may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158 (1854); cf. Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964).

We need not give a definitive answer to this tangled question of diversity, however, because even assuming that the jurisdictional prerequisites have been met, appellant's instant claim is clearly without merit.

■ Although Hartford did represent to the district court that the fund would be payable to the appellant or to Susi, and the court conditioned its original order granting Hartford's motion to enjoin the enforcement of Susi's judgment against it, upon Hartford's deposit of the entire sum into the court, we fail to see why such representations or conditions are binding after circumstances have changed. Unlike the fund in Hansen v. United States, 340 F.2d 142 (8th Cir. 1965), cited by the appellant, the fund in the present case was not deposited to satisfy a judgment. Rather, it was created as an equitable device,

Cooks v. Fowler, 141 U.S.App.D.C. 236, 437 F.2d 669 (1970), designed to retain the *res* until all the claims to it could be adjudicated. As such, appellant had no direct right to the fund, and its disposition was entirely within the discretion of the same court that created it. 28 U.S.C. § 2042. Since the New York court had ordered Hartford to pay the attorney's lien, it was not inequitable that the fund deposited with the district court should be reduced by that amount which, under concepts of full faith and credit, Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 194, 61 S.Ct. 513, 85 L.Ed. 725 (1941), a federal court would be unlikely to award the appellant.

The sole question is whether the appellant has made such a showing of abuse of discretion as to require that the district court's order be vacated. The appellant asserts that the district court's decision to allow a withdrawal of part of the fund had the effect of destroying the appellant's claim to $59,485.57, the amount of the attorney's lien in the New York judgment, and that this occurred without the appellant having had an opportunity to challenge the validity or the amount of the lien in the district court. Even if we were to accept the assertion as true, we do not see how this can be construed as an abuse of the district court's discretion. It is well settled under New York law that "creditors of the client may only assert and enforce their claims against the portion of the judgment remaining after the attorneys' lien has been paid or otherwise discharged." Application of Peters, 271 App.Div. 518, 67 N.Y.S.2d 305 (1946); *see also* Orth v. Service Fire Insurance Co., 56 Misc.2d 569, 289 N.Y. S.2d 536 (1968); New York Judiciary Law § 475. Thus, the appellant is entitled to no more than the amount of the debt remaining after the attorney's lien had been paid out.

Clearly, then, the district court did not abuse its discretion in ordering a release of part of the fund in the amount

of the attorney's lien. "It ought to be and it is the object of courts to prevent the payment of any debt twice over." Harris v. Balk, 198 U.S. 215, 226, 25 S. Ct. 625, 628, 49 L.Ed. 1023 (1905).

Affirmed.