In re Daniel R. ACKER, Jr., Debtor.

No. 94–00660.

United States Bankruptcy Court,
District of Columbia.

April 2, 2002.

Lucy R. Edwards, Washington, DC, for debtor.

Mark H. Friedman, Friedman & MacFayden, P.A., E. John Steren, Ober, Kaler, Grimes & Shriver, Washington, DC, for creditor.

### INTERIM DECISION RE MOTION TO PAY UNCLAIMED FUNDS

S. MARTIN TEEL, Bankruptcy Judge.

Under consideration is the Motion to Pay Unclaimed Funds Held in the Court Registry filed by The Financial Resources Group, Incorporated, represented by its president, Frank Kloss. That company seeks to recover on behalf of Chase Manhattan Bank ("Chase") an unclaimed dividend of $899.42.[1] The chapter 13 trustee in the above-captioned bankruptcy case distributed the dividend by check to Chase's predecessor in interest, Mellon Mortgage Company ("Mellon," and togeth-

---

1. The Financial Resources Group, Incorporated, apparently is acting as an unclaimed funds locator. It is empowered to act on behalf of Chase pursuant to a limited power of attorney, which was attached to the motion. However, that document only autho- rizes recovery of unclaimed funds in the amount of $899.42 without identifying where the funds are located, without identifying the debtor, and obviously without addressing whether the debtor still owes Chase a debt.

er with Chase, the "Claimant"), but the check remained unpaid ninety days after the final distribution. The chapter 13 trustee deposited the funds attributable to the unclaimed dividend into the court's registry pursuant to 11 U.S.C. § 347(a)[2] and later the treasury pursuant to 28 U.S.C. § 2041.[3] Absent a showing that the mortgage debt payable to the Claimant has not been previously satisfied, either by the proceeds of a foreclosure sale or otherwise, the court will not grant the relief sought.

## I

This was a chapter 13 case in which Mellon obtained an order modifying the automatic stay of 11 U.S.C. § 362(a) apparently as a secured creditor.[4] The case was dismissed with prejudice for 180 days, without the debtor having obtained a discharge. Accordingly, this is a case in which the Claimant may well have fully collected its claim against the debtor by foreclosure or otherwise.

 The burden is on the Claimant to demonstrate that it is entitled to the funds sought. *Hansen v. United States*, 340

F.2d 142, 144 (8th Cir.1965). Although the record before the court demonstrates that the Claimant was at one time entitled to the funds, the Claimant has not demonstrated a present entitlement. The court will enter an order pursuant to 28 U.S.C. § 2042,[5] directing the withdrawal of the funds and payment to the Claimant, only upon a demonstration by the Claimant of a present right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir.1973) (disposition of fund to which claimant has no direct right entirely within the discretion of the court that created the fund).

Although the funds were originally distributed by check made payable to Mellon, the court is not willing to deem this satisfactory evidence, standing alone, of the Claimant's continuing entitlement to the funds. See *Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If Mellon's claim that was the basis for the issu-

---

2. 11 U.S.C. § 347(a) provides, in relevant part:

> Ninety days after final distribution under section ... 1326 of this title in a case under chapter ... 13 of this title ... the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

3. 28 U.S.C. § 2041 provides, in relevant part:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

4. The court's file is in archives, and the court has relied on the clerk's docket sheet to review the history of the case.

5. 28 U.S.C. § 2042 provides:

> No money deposited under section 2041 of this title shall be withdrawn except by order of the court
>
> In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and full proof of right thereto, obtain an order directing payment to him.

ance of the distribution has already been satisfied, either from the proceeds of a foreclosure sale or otherwise, circumstances have changed such that the Claimant is not entitled any longer to the funds. *Id.* at 367 (*quoting Harris v. Balk,* 198 U.S. 215, 226, 25 S.Ct. 625, 49 L.Ed. 1023 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

## II

■ Any overpayment that might result from payment of the funds to the Claimant is not simply a matter to be resolved by the Claimant and the debtor. Instead, § 2042 requires that the court determine the Claimant's entitlement to the funds.[6] The court will thus require that the Claimant file with the court an affidavit (i) stating whether Mellon's claim that was the basis for the issuance of the distribution has or has not already been satisfied, either from the proceeds of a foreclosure sale or otherwise, and (ii) providing further evidence, if any, of the Claimant's present entitlement to the unclaimed funds sought.

An order follows.

**6.** 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money." Further, funds deposited in the treasury may only be paid to the rightful owners as determined by the court. *Hansen,* 340 F.2d at 144.