**In re Lenworth SCOTT, Debtor.**

**No. 02–62305.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 11, 2006.

Richard A. Lee, Lee Legal Clinic, PC, Decatur, GA, for Debtor.

Mary Ida Townson, Atlanta, GA, Chapter 13 Trustee.

## ORDER WITH REGARD TO APPLICATION FOR UNCLAIMED FUNDS OF WELLS FARGO MORTGAGE, INC.

PAUL W. BONAPFEL, Bankruptcy Judge.

Wells Fargo Home Mortgage, Inc. ("Claimant") did not timely claim $1,783.05 of the disbursements the Chapter 13 Trustee made to fully pay its proof of claim for the prepetition arrearage on a note secured by the Debtor's residence. Under the Debtor's plan, the Trustee's disbursements on this claim cured defaults on the note and reinstated its maturity in accordance with 11 U.S.C. § 1322(b)(5). The Debtor completed his payments and received a discharge.

Because the Claimant did not timely claim the unclaimed funds, the Trustee paid them into the Court's registry pursuant to 11 U.S.C. § 347(a). The Claimant has filed an application for the funds. Because the application does not show that the Claimant has a present entitlement to the funds, the Court must deny it, without prejudice.

■ Section 347(a) provides for disbursement of unclaimed funds pursuant to chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. Under chapter 129's requirements and due process principles, the Court has the duty to make sure that unclaimed funds are disbursed to their true owner. *Cf. Leider v. United States*, 301 F.3d 1290, 1296 (Fed.Cir.2002). Because the Court typically considers an application for unclaimed funds payable on a proof of claim in a bankruptcy case *ex parte*, the Court must insist on a claimant's

exact compliance with legal requirements relating to the authority of an individual or entity to act on behalf of the claiming party and a definitive showing that it is actually entitled to the funds. *See generally In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr.N.D.Ga.2005).

■ A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr.D.D.C.2002). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current such that no payment is currently due. Thus, an applicant seeking unclaimed funds due to distributions that were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

■ Claimant would meet these requirements if it has credited the Debtor's loan account in the amount of the unclaimed funds, has treated the Debtor and the loan account as if it had timely claimed the payments, and has otherwise considered the maturity of the loan to have been reinstated upon cure of the arrearage in accordance with the Debtor's plan. But the application does not establish this. And if all of this has not occurred, it is possible that the Claimant is not entitled to the funds, as discussed below.

Because the Claimant did not claim the funds, it may have dealt with the Debtor and the loan account as if the payments had not been made. As a consequence, the Claimant may have asserted, or may now be asserting, a default due to the "missing" payments, notwithstanding the fact that the Trustee paid them under the Debtor's plan. If so, one of the following scenarios has most likely occurred:

1. The Debtor made the "missing" payments to bring the debt current, he still owns the property, and he is making current payments. If this happened, the Claimant would not be entitled to the unclaimed funds because the Debtor replaced the "missing" payments and no payment (other than continuing installment payments) is due.

2. The Debtor sold or refinanced the property and paid off the loan without regard to application of the "missing" payments. If the loan was thus fully paid, the Claimant would not be entitled to the unclaimed funds.

3. The Claimant conducted a foreclosure sale. Unless there is an enforceable deficiency claim that survived the foreclosure, the Claimant would not be entitled to the funds.

4. The "missing" payments have not been paid by the Debtor, there are no agreements with regard to cure of the "missing" payments that might be alleged to be defaults, and the debt has not been satisfied, but the holder of the security deed has not foreclosed. In these circumstances, the holder would be entitled to collect the unclaimed funds to the extent of any current amount due but unpaid.

The Claimant's entitlement to the unclaimed funds depends on what happened after the Trustee paid them into the Court's registry. Because the application does not show what happened, the Court cannot determine that the Claimant, rather than the Debtor or the Trustee, is the "person entitled thereto" as 28 U.S.C. § 2042 requires.

To recover the unclaimed funds in question here, the Claimant must establish the facts under which it is entitled to them.

Moreover, because the Debtor or the Chapter 13 Trustee may have an interest in the unclaimed funds, due process considerations require that the Claimant serve any future application for the funds on the Debtor, his counsel, and the Chapter 13 Trustee.

In accordance with the foregoing, it is hereby **ORDERED and ADJUDGED** that the application for disbursement of unclaimed funds is denied, without prejudice.

**IT IS SO ORDERED**