**In re Lorraine June BOUKNIGHT, Debtors.**

No. 89–01042.

United States Bankruptcy Court, District of Columbia.

March 20, 2008.

*MEMORANDUM DECISION AND OR-DER REQUIRING SUPPLEMEN-TATION OF APPLICATION FOR RELEASE OF UNCLAIMED FUNDS*

S. MARTIN TEEL, JR., Bankruptcy Judge.

Under consideration is the Application for Release of Unclaimed Funds filed by Dilks & Knopik, LLC, a so-called fund locator. That company seeks to recover on behalf of GMAC Mortgage LLC (successor-in-interest to GMAC Mortgage Corp.) an unclaimed dividend of $350.89.[1] If GMAC Mortgage's claim against the debtor has been satisfied by collections after the filing of its proof of claim, it would not be appropriate to pay the $350.89 to GMAC Mortgage.

■ The Application fails to demonstrate that GMAC Mortgage is still owed

---

1. The Application states that the funds were deposited "after a check to **the debtor** for the sum was not cashed" (emphasis added), but I assume that was an inadvertent error (proba-bly arising from using a form without chang-ing it to reflect that it was a creditor, not the debtor, whose distribution check went un-cashed).

any amount by the debtor. The Report of Unclaimed Funds recites that the check issued to GMAC Mortgage had gone uncashed for more than 90 days. The Application does not address why the check was not cashed.

The circumstances of this case suggest that the claim may very well have been paid in full. The docket report reflects that on March 14, 1989, GMAC Mortgage filed a Motion for Relief from Stay (Docket Entry No. 5), and that the court entered an order terminating the automatic stay to permit foreclosure on April 13, 1989 (Docket Entry No. 11). GMAC Mortgage may have failed to cash the dividend check lest it be deemed to have waived its right to proceed with foreclosure.

The chapter 13 trustee deposited the funds attributable to the unclaimed dividend into the court's registry pursuant to 11 U.S.C. § 347(a)[2] and the funds were later deposited in the Treasury pursuant to 28 U.S.C. § 2041.[3] Absent a showing that the debt payable to GMAC Mortgage has not been previously satisfied, the court will not grant the relief sought.

The motion is accompanied by a power of attorney that only authorizes recovery of unclaimed funds. Although it identifies where the funds are located, thereby identifying the debtor, it does not address whether the debtor still owes GMAC Mortgage a debt. The court surmises that the fund locator has not asked GMAC Mortgage whether the claim has been paid.

■ The burden is on GMAC Mortgage to demonstrate that it is entitled to the funds sought. *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir.1965). Although the record before the court demonstrates that GMAC Mortgage was at one time entitled to the funds, GMAC Mortgage has not demonstrated a present entitlement. The court will require pursuant to 28 U.S.C. § 2042[4] that the withdrawal of the funds and payment to GMAC Mortgage will be ordered only upon a demonstration by GMAC Mortgage of a **present** right to the funds. See *Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir.1973).

Although the funds were originally distributed by check made payable to GMAC Mortgage pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of GMAC Mortgage's **continuing** entitlement to the funds. See *Willametz*, 489 F.2d at 366

2. 11 U.S.C. § 347(a) provides, in relevant part:
   Ninety days after final distribution under section ... 1326 of this title in a case under chapter ... 13 of this title ... the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

3. 28 U.S.C. § 2041 provides, in relevant part:
   All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

4. 28 U.S.C. § 2042 provides:
   No money deposited under section 2041 of this title shall be withdrawn except by order of the court.
   In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

(funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If GMAC Mortgage's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that GMAC Mortgage is not entitled any longer to the funds. *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226, 25 S.Ct. 625, 49 L.Ed. 1023 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

 Any overpayment that might result from payment of the unclaimed funds to GMAC Mortgage is not simply a matter to be resolved by GMAC Mortgage and the debtor. Instead, § 2042 requires that the court determine GMAC Mortgage's entitlement to the funds.[5] It is thus

ORDERED that by July 31, 2008, GMAC Mortgage shall file with the court an affidavit stating whether GMAC Mortgage's claim that was the basis for the issuance of the distribution has or has not already been satisfied, and that if no such affidavit is timely filed, the court will deny the Application without prejudice.

---

5. 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money." Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court. *Hansen*, 340 F.2d at 144. The court does not address which entity or entities—the debtor, the unsecured creditors in the case (assuming their allowed claims were never paid), or the trustee as a representative of the unsecured creditors—are entitled to the funds in the event that GMAC Mortgage is not entitled to the funds. Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.