The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, Plaintiff,

v.

Aleene T. **KING** et al., Defendants.

Civ. A. No. 17099-3.

United States District Court
W. D. Missouri, W. D.

Aug. 4, 1969.

Milton C. Clarke, for Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for plaintiff.

Frank Brockus, Kansas City, Mo., for Aleene T. King.

William C. Maier, St. Louis, Mo., for Merlin Silvey.

Leroy Crouther, Jr., St. Louis, Mo., for Louise Silvey.

M. Randall Vanet, Kansas City, Mo., for Judy C. Crick.

Duke W. Ponick, Jr., for Foust, Moudy & Jacobson, Kansas City, Mo., for Pamela Nicholson.

ORDER AUTHORIZING AND DIRECTING CLERK TO DEPOSIT MONEY PAID INTO COURT IN AN INTEREST-BEARING ACCOUNT

BECKER, Chief Judge.

This is an interpleader action which was brought by the plaintiff under § 1335, Title 28, U.S.C. Plaintiff insurer has paid $10,000, the principal amount of the policy, into court. By the summary judgment entered in its favor on June 23, 1969 the plaintiff has been discharged, from all liability except the duty of facilitating and participating in discovery.

The defendants, who are all the remaining claimants for the sum deposited in court, have now jointly moved the court for an order authorizing and directing the Clerk to deposit the sum in an interest-bearing account.

The motion is meritorious and should be granted. Rule 67, F.R.Civ.P., provides that monies deposited into court shall be "deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041, and 2042 * * *." Section 2041, in turn, provides that such monies "shall be forthwith deposited with the Treasurer of the United States *or a designated depositary*, in the name and to the credit of such court." (Emphasis added.) This section makes the United States a "trustee for the rightful owners", In re Moneys Deposited (C.A. 3) 243 F.2d 443, 445, and it has been held to be within the scope of such trusteeship to allow such funds to be converted into interest-bearing forms. Federal Home Loan Bank of San Francisco v. Long Beach Federal Savings & Loan Ass'n (S.D.Cal.) 122 F.Supp. 401. Further, the deposit of such monies in an account in which they may earn interest at the highest current rate is in accord with current local practice, especially in a case like the one at bar, where all the interested parties have agreed to the deposit by joining in the motion therefor. Cf. 3 Barron & Holtzoff, Federal Practice and Procedure § 1461, p. 518. It is therefore

Ordered that the sum of $10,000 deposited with the Clerk by the plaintiff herein be deposited by the Clerk in an

account bearing the highest rate of interest obtainable, subject to the withdrawal provisions of § 2042, Title 28, U.S.C., and § 725v, Title 31, U.S.C.