**Johnny J. PUCKETT**

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

**Civ. A. No. 76–0151–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Sept. 24, 1976.

W. Hobart Robinson, Abingdon, Va., for plaintiff.

Samuel G. Wilson, Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

The plaintiff, Johnny J. Puckett, has filed this action, challenging the final decision of the Secretary of Health, Education and Welfare, which denied his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901, *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue before this court is whether the Secretary's decision is supported by substantial evidence. If it is, the court must affirm. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966).

Claimant is 59 years of age, and has a sixth-grade education. He alleges 31 years of coal mining employment, and the Administrative Law Judge found "over 10 years", and "at least 20 years". He quit his last coal mining job in 1972, and has been unemployed since that time. He regularly receives miner's pension benefits, and he received a workmen's compensation settlement in a lump sum of $3,000 in 1973. He has applied for Social Security disability benefits, but his application was turned down. He complains of chest pains and shortness of breath.

The medical evidence consists of x-ray interpretations, pulmonary function studies, and general medical evaluations. There are no blood gas studies. The pulmonary function studies are inconclusive, and none of them fully qualifies the claimant for benefits under the interim criteria of 20 C.F.R. § 410.490. The general medical reports are also vague and inconclusive as to the presence of pneumoconiosis or other chronic lung disease, except for the one submitted by Dr. Panos Gregoriou, claimant's personal physician. This report states that claimant has been treated by Dr. Gregoriou since November 11, 1968, for chronic lung disease consisting of pneumoconiosis of category 1/1 p, and bronchitis. The Social Security disability determination found "no *significant* impairment" of claimant's respiratory system (emphasis added). (Record, at 67).

This language indicates that at least some impairment was found. The other general medical reports tend to support Dr. Gregoriou's evaluation. Dr. E. L. Kirby's diagnosis was "possible black lung". (Record, at 95). Dr. Pierce Nelson noted that claimant was short of breath, and complained of chest pain. (Record, at 111–112).

The x-ray evidence is conflicting. An x-ray of June 14, 1972, was read by Dr. J. M. Straughan as simple pneumoconiosis, category 1/1 p. An x-ray of August 1, 1972 was read by Dr. H. L. Bassham as simple pneumoconiosis, category 1/0 q. This film was re-read at the Administrative Law Judge's request by Dr. J. W. Proffitt as simple pneumoconiosis, category 1/0 p. The Administrative Law Judge then had the same film re-read by Drs. Lukin, Donner, and Spitz, all of whom found no evidence of pneumoconiosis. Claimant then submitted the interpretation by Dr. Shiv Navani of an x-ray dated July 30, 1973, which found simple pneumoconiosis, category 1/0 q. This x-ray was subsequently re-read by Drs. Gayler and Spitz, both of whom interpreted it as negative for pneumoconiosis. The last x-ray reading in the record is another by Dr. Navani, and which found simple pneumoconiosis, category 1/0 p.

The Administrative Law Judge found that this x-ray evidence "preponderates" as negative for pneumoconiosis, (Record, at 15), in spite of the fact that one of the government's own readers, Dr. J. W. Proffitt had re-read the film of August 1, 1972, as positive for simple pneumoconiosis, category 1/0 p. This practice of ignoring the findings of the government's own doctors when they confirm the original reader's diagnosis, and requesting additional re-readings, was specifically condemned by this court in *Stewart v. Matthews,* 412 F.Supp. 235 (W.D.Va.1975). In that case, it was asserted that:

Certainly, if the Law Judge continues to seek re-readings *ad infinitum,* he will eventually come upon a conservative reader who will find the films to be nega-

**366**

tive. However, in the process, the Law Judge renders the non-adversary administrative adjudication of claims a meaningless exercise. Indeed, the repeated re-reading of films is exactly the form of administrative "one upsmanship" discouraged by Congress as it enacted the 1972 amendments to the Black Lung Act. [Sen. Rep. No. 92–743, 92d Cong., 2d Session, (1972) U.S. Code Cong. & Admin. News 1972, p. 2305]. *Stewart v. Matthews,* 412 F.Supp. 235, 238 (W.D.Va. 1975).

These assertions are equally applicable in the present case. Therefore, the court finds the Secretary's reliance on these additional re-readings, after the positive report of Dr. Proffitt, to be unwarranted and improper. The Black Lung Act was intended to be remedial in nature and liberally construed in application. *Tonker v. Mathews,* 412 F.Supp. 823, 827 (W.D.Va.1976).

█ The medical evidence and lay testimony in this case establish that Mr. Puckett suffered from his respiratory impairment prior to the lapse of the Secretary's jurisdiction over "black lung" claims on July 1, 1973. Further, the x-ray evidence of record clearly establishes the claimant's entitlement to the presumption of total disability due to pneumoconiosis established under 20 C.F.R. § 410.490(b)(1)(i). The Secretary cannot rebut this presumption since Mr. Puckett has been unemployed since he quit the mines in 1972.

The court finds it unnecessary to require the Secretary to consider additional evidence of pneumoconiosis provided by the plaintiff subsequent to the final decision of the Secretary. Upon this court's findings that the Secretary's final decision is not supported by substantial evidence, and that the plaintiff has met his burden of proof, the decision of the Secretary is reversed and the case remanded for the determination of benefits.