Joe PALUSO and Nick S. Kalekas, Plaintiff-Appellees,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellant.

Nos. 76–1464, 76–1766.

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 4, 1977.

Decided Sept. 30, 1977.

**34**

Brigham E. Roberts of Rawlings, Roberts & Black, and Robert J. Shaughnessy, Salt Lake City, Utah, for appellees.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Ramon M. Child, U. S. Atty., Salt Lake City, Utah, William Kanter and Mark H. Gallant, Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for appellant.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

In these consolidated cases, the Secretary of Health, Education and Welfare (HEW) appeals from orders disposing of the claims of two coal miners for disability benefits by reason of their alleged condition of pneumoconiosis (black lung). The claims were filed pursuant to Title IV, Federal Coal Mine and Safety Act of 1969, as amended 1972, 30 U.S.C. § 901, et seq., (the Act). Both claim-

ants filed for benefits prior to June 30, 1973, the date when the authority to administer black lung disability benefits shifted from the Secretary of HEW to the Secretary of Labor. Neither claimant was adjudged disabled until after the June cut-off date.

The issue presented is whether HEW has jurisdiction to grant black lung benefits to claimants whose disability has not been adjudged until after June 30, 1973. In both actions the district court determined that HEW's jurisdiction did not end on June 30, 1973. We affirm.

Nick Kalekas, who worked 12 years as a coal miner, filed application for black lung benefits in 1972. His claim was twice denied by the Bureau of Disability Insurance. In 1974, a *de novo* hearing was held before an administrative law judge who found that Kalekas was then totally disabled and qualified for benefits. The Appeals Council (Council), on its own motion, reviewed and reversed the administrative law judge's decision, on the ground that Kalekas had not established his disability as of June 30, 1973. The Council refused to consider certain medical tests made in 1974 which established that Kalekas had pneumoconiosis. On appeal, the district court reversed the Council's denial of benefits. The court rejected HEW's contention that in order for a black lung claimant to be eligible for benefits, he must establish that he was disabled as of June 30, 1973. The matter was remanded to HEW with instructions that disability benefits were to be paid Kalekas as ordered and provided for by the administrative law judge.

Joe Paluso, who worked as a coal miner for 22 years, filed his claim in 1971. His application was also twice denied by BDI. At a *de novo* hearing the administrative law judge found that Paluso was totally disabled as of November 18, 1973. On review, the Council ruled that Paluso was not entitled to benefits in that he had not established his total disability on or before June 30, 1973. Council did not examine the administrative law judge's finding that Paluso was totally disabled as of November,

1973, based on its reasoning that HEW had no jurisdiction after June 30, 1973. Paluso appealed Council's decision to the district court. The matter was then remanded to HEW with the direction that the Council must review the administrative law judge's finding that Paluso was totally disabled as of November 18, 1973. The district court ruled that HEW did, in fact, have jurisdiction, even though the determination of total disability was made after June 30, 1973.

The purpose of the Act is to provide lifetime benefits to miners who had contracted pneumoconiosis during their employment, and who were totally disabled therefrom. Two government programs were established for the diseased miners. Part B, 30 U.S.C.A., §§ 921–925, provides for payment to disabled miners who *filed* their claims prior to June 30, 1973. This program is under the administration of HEW. Part C, 30 U.S.C.A., §§ 931–940, provides that such claims filed after January 1, 1974, are to be administered by the Secretary of Labor and benefits are to be paid by either state workmen's compensation departments or the employing mining companies. The standards for eligibility under Part C are stricter than those contained in Part B.

On appeal, HEW maintains that neither Kalekas nor Paluso are eligible for benefits per their claims under Part B of the Act because their disabilities were not determined to exist prior to the June termination date.

## I.

We first must determine, in the Paluso case, whether the district court's remand to HEW is a final, appealable order. HEW contends that the order is final and appealable, whereas Paluso contends that this court lacks jurisdiction because the remand order to HEW is interlocutory rather than final.

Those orders deemed to be final are appealable under 28 U.S.C. § 1291. The determination of a final order is often a difficult, close question for which there is no readily available formula. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Courts have wrestled with this knotty problem on numerous occasions and have employed various approaches.

It is true that in many instances remand to an administrative body for further consideration has been held to be an interlocutory order and, thus, non-appealable. *Bohms v. Gardner*, 381 F.2d 283 (8th Cir. 1967), *cert. denied*, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968); *Pauls v. Secretary of the Air Force*, 457 F.2d 294 (1st Cir. 1972). These decisions, however, concern rights affecting only the individual litigants and not potential rights of an unknown number of persons who may likely be affected by a significant ruling, such as that posed here. In many such cases, courts have classified traditional interlocutory orders as subject to review. *Cohen v. Perales*, 412 F.2d 44 (5th Cir. 1969), rev. on other grounds, 402 U.S. 389, 90 S.Ct. 1365, 25 L.Ed.2d 646 (1971); *Lopez v. Secretary of HEW*, 512 F.2d 1155 (1st Cir. 1975). There are occasions when the finality issue must be judged from a practical, rather than technical point of view. *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Ringsby Truck Lines, Inc. v. U. S.*, 490 F.2d 620 (10th Cir. 1974).

In *Cohen, supra*, the court stated that the finality question can be approached by adopting the view that some orders should be treated as final even though they are not finally dispositive of the merits if they raise some issue of federalism that is so important that the order must be reviewed because of the serious and unsettled nature of the matter. *See, Bowe v. First of Denver Mortgage Investors*, No. 76–1431, 562 F.2d 640 (10th Cir. 1977), filed September 9, 1977); *Lee v. Western Wool Processors, Inc.*, 313 F.2d 13 (10th Cir. 1962).

Paluso presents an important issue of federalism in that it involves the interests of many potential claimants for black lung benefits. By balancing the inconvenience and costs that accompany piecemeal reviews, on the one hand, and the danger of denying justice by delay, on the other hand,

we hold that the remand order is appealable. *See: Gillespie v. United States Steel,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

## II.

■ HEW contends that claimants who were adjudged disabled after June 30, 1973, are not eligible for benefits under Part B of the Act and are not under its jurisdiction.

■ The Act is remedial in nature and is to be given liberal construction. *Tonker v. Mathews,* 412 F.Supp. 823 (D.C.Va., 1976); *Puckett v. Mathews,* 420 F.Supp. 364 (D.C. Va., 1976).

Pneumoconiosis is a progressive illness, whose debilitating effects often become known only after a considerable period of time. Because of its progressive nature, medical evidence that a claimant, who filed his claim prior to June 30, 1973, suffers from black lung must be allowed, even though such evidence was not available until after the cut-off date. *Ingram v. Califano,* 547 F.2d 904 (5th Cir. 1977). We agree that evidence of lung deterioration obtained after June 30, 1973, can be used in the determination of a claimant's eligibility for Part B benefits. *Humphreville v. Mathews,* 76–1875, 560 F.2d 347 (8th Cir. 1977). Under Part B of the Act HEW is granted jurisdiction to process claims filed on or before Dec. 31, 1973. However, payment of lifetime benefits to qualified claimants is allowed only if a claimant filed his claim prior to June 30, 1973. 30 U.S.C. § 924. We cannot discern any justification in the denial of benefits to miners who filed claims prior to the cut-off date but whose claims were not determined and/or adjudged by the appropriate agency until after June 30, 1973. Because of considerable delay and administrative snarls in determining the eligibility of claimants, coupled with the progressive nature of the illness, we hold that a miner who is deemed to be totally disabled cannot be denied those benefits to which he is rightfully entitled based upon HEW's contention relating to the June 30th cut-off date. We hold that HEW has jurisdiction to administer claims of those miners who filed before June 30, 1973, but who were not administratively adjudged to be totally disabled until after that date.

WE AFFIRM.