**DREW CHEMICAL CORPORATION**

v.

**M/V PACIFIC HORIZON, etc.**

No. CV 76–213–B.

District Court, Canal Zone,
Division Balboa.

Oct. 31, 1979.

DeCastro & Robles, Balboa Canal Zone, for Drew Chemical Corp. & Mercantile Marine Engineering.

Pierce & Kiyonaga, Balboa, Canal Zone, for Maritime Services A/S.

Carlos Arosemena, Panama, Republic of Panama, for Arnessen Supply Corp. & Charles Reens & Dekyspotter.

Jack B. Hood, Birmingham, Ala., for United Ship Repairers.

Henry L. Newell, Balboa, Canal Zone, for defendant.

SEAR, District Judge.

On July 7, 1976 the M/V Pacific Horizon was arrested by the United States Marshal for the District of the Canal Zone on the

complaint of Drew Chemical Corporation, which alleged a preferred maritime lien covering repairs to the vessel. The vessel was sold at public auction on August 12, 1976 for $375,000, and on August 18th the funds from the sale were deposited by the Clerk of Court in her registry account pursuant to F.R.C.P. Supplemental Rule E(9)(c).[1]

On October 1, 1976, the marshal presented his bill for costs in the sum of $29,876.17. There was then $290,685.95 from the sale remaining in the clerk's registry. The clerk paid the marshal and instead of subtracting the payment from the balance shown on her ledger sheet, she added it. The addition of $29,876.17 increased the balance shown on the registry ledger to $320,181.82, or $59,752.34 more than was actually in the account.

Thereafter, other claimants against the vessel filed their interventions and in due course, a special master was appointed to rank the various claims. On May 31, 1978, after the special master had filed her report, the Honorable Charles R. Scott, Senior United States District Judge [2] ordered judgment to be entered in favor of the claimants in the following amounts:

| | |
|---|---|
| Drew Chemical Corporation | $ 9,044.92 |
| Maritime Service A/S | $ 88,183.80 |
| Mercantile Marine Engineering & Graving Docks Co., N/V | $132,164.29 |
| Arnessen Supply Corp. | $ 14,228.79 |
| Charles Reens & Dekyspotter | $ 7,420.00 |
| United Ship Repairers | $ 6,489.29 |
| S.U. & Co., Ltd. | $ 18,824.00 |
| Golten Marine Co., Inc. | $ 5,991.00 |
| Unsworth & Co., Inc. | $ 12,459.88 |
| Empresa Cubana de Fletes | $ 64,809.66 |
| Harvey Miller, successor to Landis Stovall, as Trustee in Bankruptcy for Sovereign Marine Lines, Inc. and for Sterling Navigation, Ltd. | $450,722.92 |

The first six claimants were given the highest priority and considered of equal rank. The next three were given equal rank, their claims to follow the first six. The claim of Empresa was to be paid from the remnants and that of Harvey Miller only after satisfaction of the Empresa claim.

At that time, the balance shown on the clerk's ledger as available for distribution was $270,037.47, and disbursements were made in that amount as follows:

Check No. 0938 payable to DeCastro & Robles, counsel for Drew Chemical Corp., plaintiff, in satisfaction of judgment on CV 76–0213–B   $ 9,044.92

Check No. 0939 payable to Pierce & Kiyonaga, counsel for Maritime Services A/S, plaintiffs in intervention, in satisfaction of judgment in CV 76–0213–B   $ 88,183.80

Check No. 0945 payable to DeCastro & Robles, counsel for Mercantile Marine Engineering & Graving Docks Co., N/V, plaintiff, in satisfaction of judgment in CV 76–0220–B   $132,164.29

Check No. 0941 payable to Carlos Arosemena, attorney for Arnessen Supply Corp., plaintiff, in satisfaction of judgment in CV 76–0254–B   $ 14,228.79

Check No. 0942 payable to Carlos Arosemena, attorney for Charles Reens & Dekyspotter, plaintiff, in satisfaction of judgment in CV 76–0257–B   $ 7,420.00

Check No. 0943 payable to W. J. Sheridan, Jr., attorney for United Ship Repairers, plaintiff, in satisfaction of judgment in CV 76–0261–B   $ 6,489.29

Check No. 0944 payable to Clerk of Court as Clerk's Commission representing ¼ of interest accrued, as per 5 C.Z.C. § 415   $ 4,589.84

Check No. 0946 payable to Jack B. Hood, as attorney for S.U. & Co., Ltd., plaintiff in intervention, in satisfaction of judgment in CV 76–1023–B   $ 7,916.54

---

1. Supplemental Rule E(9)(c) provides:

"All sales of property shall be made by the marshal or his deputy, or other proper officer assigned by the court where the marshal is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law."

2. Sitting by designation in the District of the Canal Zone.

A shortage was subsequently discovered in the registry account, and an audit uncovered the error that had been made in connection with the disbursement to the Marshal. Two amended judgments were entered to correct the clerk's error and to order the claimants who had been overpaid to make restitution pro rata.

■ Although there are no reported cases concerning the precise problem which prompted the amended judgments, the case law supports the order of restitution which was issued. Funds paid into the registry of a court of the United States are held by the Court in trust. The United States "has no beneficial interest [in registry funds] but holds the money as statutory trustee for the rightful owners . . ." *In re Moneys Deposited*, 243 F.2d 443, 445 (3 Cir. 1957). Accord *Prudential Insurance Company of America v. King*, 308 F.Supp. 1143 (W.D. Mo.1969). Once funds are deposited in the registry, they may be withdrawn only by order of the court[3], and when they are disbursed pursuant to court order, as in this case, the clerk of court acts as an agent for the United States. Cf. *King, supra.*

■ Unfortunately, sometimes those persons who disburse funds for the government make mistakes, but when an agent of the government disburses funds by mistake, the government is entitled to sue for the recovery of those funds. *United States v. Wurts*, 303 U.S. 414, 415, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938). *Wurts* applies to clerks of court who disburse registry funds, since in that capacity they are acting as government agents. It follows that when a clerk erroneously disburses funds, the government is entitled to recover those funds from the recipients. Cf. *Lee v. Western Wool Processors, Inc.*, 313 F.2d 13 (10 Cir. 1962) (appeals court holds, without citing any legal authority, that a district court can order the redeposit of funds distributed due to a misrepresentation of one of the parties).

■ The monies disbursed here, although disbursed in error, were nevertheless disbursed by the Clerk of Court pursuant to a judgment entered on May 31, 1978. The Clerk of Court, as an agent for the government, was therefore entitled to recover the money erroneously paid. *Wurts, supra.* Moreover, under F.R.C.P. 60(b)(1) the court may relieve a party or his legal representative from a final judgment when that judgment is based upon mistake.[4] On March 27, 1979, pursuant to *Wurts* and Rule 60(b)(1), the judgment was amended to reflect the proper amounts for disbursement, and each claimant was ordered to pay his pro rata share of the overpayment into the registry of the court within ninety days.

■ Subsequent to entry of the March 27, 1979 judgment the parties made known that on May 5, 1978, in return for certain consideration, they had agreed to distribute some of the monies they had received to creditors whom the judgment had excluded. In other words, persons who had not received disbursements from the registry had nonetheless received part of the overpayment. After this disclosure the claimants moved pursuant to Rule 60(b)(6)[5] that the judgment be amended a second time to reflect the payments made to these other parties. Even though these extra parties had received funds from the registry only indirectly, the government nonetheless was entitled to recover the overpayment from them directly since they benefited from the transaction and since the other claimants acted on their behalf in accepting the funds. See *United States v. Mead*, 426 F.2d 118, 124 (9 Cir. 1970). The motion of claimants was granted, and judgment was amended accordingly on May 22, 1979.

---

**3.** 28 U.S.C. § 2402.

**4.** Rule 60(b)(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ."

**5.** Rule 60(b)(6) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any . . . reason justifying relief from the operation of the judgment."